1  TRACY L. WILKISON
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ANDREW BROWN (Cal. Bar No. 172009)
4  VICTOR A. RODGERS (Cal. Bar No. 101281)
   MAXWELL COLL (Cal. Bar No. 312651)
5  Assistant United States Attorneys
   Major Frauds/Asset Forfeiture/
6  General Crimes Sections
        1100/1400/1200 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-0102/2569/1785
        Facsimile: (213) 894-6269/0142/0141
9       E-mail: Andrew.Brown@usdoj.gov
               Victor.Rodgers@usdoj.gov
10              Maxwell.Coll@usdoj.gov

11 Attorneys for Defendants
   UNITED STATES OF AMERICA and
12 TRACY L. WILKISON and KRISTI KOONS JOHNSON
   IN THEIR OFFICIAL CAPACITY ONLY

13                 UNITED STATES DISTRICT COURT

14           FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                      WESTERN DIVISION

16
   LOUIS LOE,                          Case No. 2:21-cv-03348-RGK-MAR
17
            Plaintiff,                 **DEFENDANTS' NOTICE OF MOTION
18                                     AND MOTION TO DISMISS THE
            v.                         SECOND AMENDED COMPLAINT
19                                     FOR LACK OF SUBJECT MATTER
   UNITED STATES OF AMERICA, ET        JURISDICTION AND FAILURE TO
20 AL.,                                STATE A CLAIM UPON WHICH
                                       RELIEF CAN BE GRANTED
21          Defendants.                PURSUANT TO FED. R. CIV. P.
                                       12(b)(1) AND 12(b)(6);
22                                     MEMORANDUM OF POINTS AND
                                       AUTHORITIES AND
23                                     DECLARATIONS OF ANDREW
                                       BROWN, JUSTIN PALMERTON,
24                                     JESSIE MURRAY AND VICTOR A.
                                       RODGERS; [PROPOSED] ORDER
25                                     GRANTING MOTION LODGED
                                       UNDER SEPARATE COVER
26
                                       Date:      October 18, 2021
27                                     Time:      9:00 a.m.
                                       Courtroom: 850, the Honorable
28                                                 R. Gary Klausner**

1

**NOTICE OF MOTION**

2      PLEASE TAKE NOTICE that on October 18, 2021 at 9:00 a.m., or as soon

3 thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary

4 Klausner, United States District Court, Courtroom 850, Roybal Federal Building and

5 U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, defendants

6 United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their

7 official capacity only (collectively, "the government") will and hereby do move,

8 pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the second amended

9 complaint for lack of subject matter jurisdiction and for failure to state a claim upon

10 which relief can be granted.  This Motion is made following the conference of counsel

11 pursuant to Local Rule 7-3 (see Rodgers Decl. ¶ 2), and is made on the grounds that

12 there is no subject matter jurisdiction over this action and plaintiff's second amended

13 complaint fails to state a claim upon which relief can be granted.

14      This motion is based upon this notice of motion and motion; the attached

15 memorandum of points and authorities and declarations of Andrew Brown, Victor A.

16 Rodgers, Justin Palmerton and Jessie Murray; the proposed order granting the motion

17 (lodged under separate cover); all pleadings and papers on file in this action; and such

18 further matters as may be presented at any hearing on this Motion, and matters of which

19 the Court may take notice.

20 Dated: September 7, 2021                  Respectfully submitted,

21                                            TRACY L. WILKISON
                                            Acting United States Attorney
22                                          SCOTT M. GARRINGER
                                            Assistant United States Attorney
23                                          Chief, Criminal Division

24                                            _____/s/_____

25                                            ANDREW BROWN
                                            VICTOR A. RODGERS
26                                          MAXWELL COLL
                                            Assistant United States Attorneys

27                                            Attorneys for Defendants
28                                          UNITED STATES OF AMERICA, et al.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I.      INTRODUCTION ................................................................................................1

II.    STATEMENT OF FACTS ..................................................................................2

III.   ARGUMENT.......................................................................................................3

      A.    The Standards For Motions To Dismiss Under Fed. R. Civ. P. 12 For Lack of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted..............................................................4

      B.    Plaintiff's Complaint Seeks To Invoke The Equitable Jurisdiction Of This Court...........................................................................................................5

      C.    Plaintiff Has Not Shown Equitable (And Therefore Subject Matter) Jurisdiction Exists As To The Items That Are Subject To Administrative Forfeiture Because The Commencement Of Administrative Forfeiture Proceedings Provides Plaintiff With An Adequate Remedy At Law ..............................................................................6

      D.    Plaintiff Cannot Satisfy Article III's Case Or Controversy Requirement ..............................................................................................8

      E.    Plaintiff's Stand-Alone Third And Fourth Causes Of Action Do Not State Claims Upon Which Relief Can Be Granted Because They Are Remedies And Not Independent Claims For Relief....................................12

      F.    Plaintiff's Fourth Cause Of Action For Order Disclosing Inventory Fails To State A Claim For Relief.................................................................13

IV.   CONCLUSION.................................................................................................16

DECLARATION OF AUSA ANDREW BROWN ................................................17

DECLARATION OF SPECIAL AGENT JUSTIN PALMERTON ............................39

DECLARATION OF SUPERVISORY SPECIAL AGENT JESSIE MURRAY ..........41

DECLARATION OF AUSA VICTOR A. RODGERS ...................................................42

# TABLE OF AUTHORITIES

**Federal Cases**

Amerada Petroleum Corp. v. Marshall,
  381 F.2d 661 (5th Cir. 1967) .........................................................................15

Amina v. WMC Fin. Co.,
  329 F. Supp. 3d 1141 (D. Haw. 2019) .........................................................12

Arthur J. Gallagher & Co. v. Lang,
  2015 WL 13390098 (N.D. Cal. Feb. 23, 2015).............................................15

Ballard v. Chase Bank United States, NA,
  2010 WL 5114952 (S.D. Cal. Dec. 9, 2010) ................................................13

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) .......................................................................................5

Bender v. Williamsport Area School Dist.,
  475 U.S. 534 (1986) .......................................................................................4

Billingsley v. C.I.R.,
  868 F.2d 1081 (9th Cir. 1989).........................................................................4

Caltex Plastics, Inc. v. Lockheed Martin Corp.,
  824 F.3d 1156 (9th Cir. 2016).........................................................................5

Cardenas v. Anzai,
  311 F.3d 929 (9th Cir.2002) .........................................................................11

Colorado v. Bertine,
  479 U.S. 367 (1987) .....................................................................................14

DaimlerChrysler Corp. v. Cuno,
  547 U.S. 332 (2006) .......................................................................................4

Frazier v. Roberts,
  441 F.2d 1224 (8th Cir. 1971).......................................................................13

Gete v. I.N.S.,
  121 F.3d 1285 (9th Cir. 1997).......................................................................10

# <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>Haltiwanger v. United States</u>,
   494 F. Supp. 2d 927 (N.D. Ill. 2007)......................................................................8

<u>In Re Return of Seized Prop. (Jordan)</u>,
   625 F. Supp. 2d 949 (C.D. Cal. 2009)..................................................................7

<u>In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise, LLC</u>,
   2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) ....................................................7

<u>Jensen v. Quality Loan Serv. Corp.</u>,
   702 F. Supp. 2d 1183 (E.D. Cal. 2010) ...........................................................13

<u>Laub v. United States Dep't of the Interior</u>,
   342 F.3d 1080 (9th Cir. 2003) ...........................................................................12

<u>Leadsinger, Inc. v. BMG Music Pub.</u>,
   512 F.3d 522 (9th Cir. 2008) .............................................................................15

<u>Lujan v. Defenders of Wildlife</u>,
   504 U.S. 555 (1992) ...........................................................................................11

<u>Massey v. Ojaniit</u>,
   759 F.3d 343 (4th Cir. 2014) ...............................................................................5

<u>North County Communications Corp. v. California Catalog & Tech.</u>,
   594 F.3d 1149 (9th Cir. 2010) ...........................................................................14

<u>One 1958 Plymouth Sedan v. Pennsylvania</u>,
   380 U.S. 693 (1965) ...........................................................................................15

<u>Otonye v. U.S.</u>,
   903 F. Supp. 357 (E.D.N.Y. 1995).......................................................................8

<u>Railway Mail Ass'n v. Corsi</u>,
   326 U.S. 88 (1945) .............................................................................................10

<u>Ramsden v. United States</u>,
   2 F.3d 322 (9th Cir. 1993) ...................................................................................6

# **TABLE OF AUTHORITIES CONTINUED**

Roberts v. Corrothers,
    812 F.2d 1173 (9th Cir. 1987)..................................................................5

Safe Air for Everyone v. Meyer,
    373 F.3d 1035 (9th Cir. 2004)..................................................................4

Seismic Reservoir 2020, Inc. v. Paulsson,
    785 F.3d 330 (9th Cir. 2015)...................................................................5

Silver State Broad, LLC v. Beasley FM Acquisition Corp.,
    2012 WL 4049481 (D. Nev. Sept. 12, 2012) .........................................12

South Dakota v. Opperman,
    428 U.S. 364 (1975) ...............................................................................14

Stormans, Inc. v. Selecky,
    586 F.3d 1109 (9th Cir. 2009).................................................................11

Thomas v. Anchorage Equal Rights Com'n,
    220 F.3d 1134 (9th Cir. 2000)..........................................................10, 11

Thornhill Pub. v. General Tel. and Electronics Corp.,
    594 F.2d 730 (9th Cir. 1979)....................................................................4

8,050.00 in U.S. Currency v. United States,
    307 F. Supp. 2d 922 (N.D. Ohio 2004) ...................................................8

United States v. $186,416.00 in U.S. Currency,
    590 F.3d 942 (9th Cir. 2010)..................................................................15

United States v. $1,111,120.00 in U.S. Currency,
    2014 WL 619436 (S.D. Ohio Feb. 18, 2014)..........................................10

United States v. Approximately $1.67 Million in U.S. Currency, Stock & Other Valuable
    Assets,
    513 F.3d 991 (9th Cir. 2008)..................................................................10

United States v. 2nd Amendment Guns, LLC,
    917 F. Supp. 2d 1120 (D. Or. 2012)........................................................8

## <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>United States v. $8,850 in U.S. Currency</u>,
   461 U.S. 555 (1983) ....................................................................... 6, 10

<u>United States v. Elias</u>,
   921 F.2d 870 (9th Cir. 1990) ........................................................... 6, 7

<u>United States v. Ibrahim</u>,
   522 F.3d 1003 (9th Cir. 2008) ......................................................... 5, 6

<u>United States v. Lazarenko</u>,
   476 F.3d 642 (9th Cir. 2007) ......................................................... 11, 12

<u>United States v. Linares</u>,
   921 F.2d 841 (9th Cir. 1990) ............................................................. 10

<u>United States v. Lugo</u>,
   978 F.2d 631 (10th Cir. 1992) ........................................................... 14

<u>United States v. Martinson</u>,
   809 F.2d 1364 (9th Cir. 1987) ............................................................. 6

<u>United States v. Naovalath</u>,
   2008 WL 2885965 (D. Minn. Jul. 22, 2008) ....................................... 8

<u>United States v. Ninety-Three (93) Firearms</u>,
   330 F.3d 414 (6th Cir. 2003) ............................................................. 10

<u>United States v. One 1987 Jeep Wrangler</u>,
   972 F.2d 472 (2d Cir. 1992) ............................................................... 8

<u>United States v. Ritchie</u>,
   342 F.3d 903 (9th Cir. 2003) ............................................................... 5

<u>United States v. Streich</u>,
   560 F.3d 926 (9th Cir. 2009) ............................................................. 11

<u>United States v. U.S. Currency, $83,170.78</u>,
   851 F.2d 1231 (9th Cir. 1988) ......................................................... 6, 7

## <u>TABLE OF AUTHORITIES CONTINUED</u>

<u>United States v. Voraveth,</u>
  2008 WL 4287293 (D. Minn. Jul. 1, 2008) ........................................................8

<u>United States v. Washington,</u>
  759 F.2d 1353 (9th Cir. 1985) ........................................................................15

<u>Von Saher v. Norton Simon Museum of Art at Pasadena,</u>
  592 F.3d 954 (9th Cir. 2010) ............................................................................5

<u>Warren v. Fox Family Worldwide, Inc.,</u>
  328 F.3d 1136 (9th Cir. 2003) ..........................................................................5

<u>Western Oil & Gas Ass'n v. Sonoma County,</u>
  905 F.2d 1287 (9th Cir. 1990) ...................................................................11, 12

<u>White v. Lee,</u>
  227 F.3d 1214 (9th Cir. 2000) ..........................................................................4

<u>Winter v. Cal. Med. Review Bd., Inc.,</u>
  900 F.2d 1322 (9th Cir.1990) .........................................................................12

**Federal Statutes**

18 U.S.C. § 983 .................................................................................................8

18 U.S.C. § 983(a)(3)(A) ............................................................................1, 3, 9

18 U.S.C. § 983(a)(3)(B) ............................................................................1, 3, 9

19 U.S.C. § 1608 ...............................................................................................7

28 U.S.C. § 2201 .............................................................................................14

**Federal Rules**

Fed. R. Civ. P. 12(b)(1).................................................................................1, 4

Fed. R. Civ. P. 12(b)(6).............................................................................1, 5, 12

## <u>TABLE OF AUTHORITIES CONTINUED</u>

Fed. R. Civ. P. 12(h)(3)..............................................................................................4

Fed. R. Crim. P. 41.............................................................................................1, 13, 14

Fed. R. Crim. P. 41(e)..............................................................................................8

Fed. R. Crim. P. 41(f)..............................................................................................13

Fed. R. Crim. P. 41(f)(1)(C) ...................................................................................13

Fed. R. Crim. P. 41(f)(1)(D) ...........................................................................2, 9, 12

Fed. R. Crim. P. 41(g)......................................................................................passim

**Federal Regulations**

28 C.F.R. § 8.10(e)..................................................................................................9

28 C.F.R. § 8.12........................................................................................................9

**Other Authorities**

The Rutter Group, Federal Civil Procedure Before Trial § 10:49 (2021) ........................15

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") respectfully submit this memorandum of points and authorities in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the second amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  This motion should be granted.  Plaintiff seeks the return of property, which the government has identified as $250,000.00 in plaintiff's box at US Private Vaults, and for which administrative forfeiture proceedings have been commenced.  Equitable jurisdiction over plaintiff's Fed. R. Crim. P. 41(g) claim does not lie because the 90 day deadline in 18 U.S.C. 983(a)(3)(A) & (B) to file a judicial forfeiture action against those funds has not expired and will not expire until September 15, 2021.  In addition, plaintiff's stand-alone causes of action for an inventory and declaratory relief are improper because they are not claims for relief but instead claims for a remedy.

Moreover, plaintiff's claim for an inventory does not state a claim for relief for an additional reason.  Plaintiff seeks an inventory pursuant to Fed. R. Crim. P. 41, but Fed. R. Crim. P. 41 does not apply to inventory searches.  Finally, the Court is empowered in the Court's discretion to deny plaintiff's stand-alone cause of action for declaratory relief because prudential considerations counsel against use of the Declaratory Judgment Act here,  That is because the relief sought in the instant case would be duplicative of any defense to forfeiture plaintiff could raise in any judicial civil forfeiture action that the government may file against plaintiff's property, which filing would result in having two separate cases involving the same issues, resulting in potentially inconsistent rulings in two separate forums.

/ / /

/ / /

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.

## STATEMENT OF FACTS

Plaintiff Louis Loe has filed a second amended complaint ("SAC") alleging three claims against the government, namely his first, third and fourth causes of action.[1] The first cause of action pursuant to Fed. R. Crim. P. 41(g) for return of property and third cause of action for declaratory relief allege violations of the Fourth and Fifth Amendments arising from the government's allegedly unlawful search and seizure of the property inside safety deposit box number 2300, which safety deposit box was situated at US Private Vaults ("USPV") in Beverly Hills, California.  Docket No. 53 (SAC ¶¶ 3, 32, 36, 128-132 and 141-144).  Plaintiff's fourth cause of action seeks an order requiring the government to provide plaintiff, pursuant to Fed. R. Crim. P. 41(f)(1)(D), with a copy of any inventory of plaintiff's property taken from box number 2300.  SAC ¶¶ 3, 32, 36 and 145-148.[2]

In March 2021, a grand jury indicted USPV for conspiring with its customers to launder money, distribute drugs, and structure financial transactions to avoid currency reporting requirements.  Brown Decl. ¶ 2 and Ex. A.  The indictment provides that USPV's business is predicated on "attract[ing] customers in possession of proceeds from criminal offenses[.]" Id.  (Ex. A [indictment at 3:21]).  USPV allegedly did so by "touting the anonymity of the safety deposit rentals" and "boasting that, unlike banks, its anonymous safety deposit box rentals did not require customer information that 'can be easily accessed by government agencies (such as the IRS)[.]' " (Ex. A [indictment at 3:23-28]).

---

[1] Plaintiff's Bivens claim in his second cause of action is against only defendants who are sued in their individual capacities.  The instant motion is not filed on behalf of those defendants, but instead only as to the causes of action against "the government" as defined above.

[2] The SAC further alleges that plaintiff sues using a pseudonym to protect himself from the risk of criminal investigation and prosecution, and from injury, harassment, embarrassment and retaliation based merely on the fact that he is a USPV box holder, but the government believes that plaintiff's identity is already known to the government. SAC ¶¶ 17 and 67.

The government obtained a sealed criminal seizure warrant for, among other things "[t]he nests of safety deposit boxes and keys" located at USPV, and the warrant provides that it "does not authorize a criminal search or seizure of the contents of the safety boxes[,]" that "agents shall follow their written inventory policies to protect their agencies and the contents of the boxes" and that "agents shall inspect the contents of the boxes in an effort to identify their owners in order to notify them so that they can claim their property[.]" Brown Decl. ¶¶ 3 and 4 and Ex. B.   In addition, the government obtained an affidavit in support of the search and seizure warrants at USPV.  SAC ¶ 75.

Between March 22 and 26, 2021, federal agents executed the seizure warrant and removed the nests of safe deposit boxes, inventorying their contents in the process, as authorized in the seizure warrant and discussed in the affidavit supporting it.  Id.; Palmerton Decl. ¶ 2; SAC ¶ 55(d)-(g).  The inventory of the boxes' contents revealed, among other items, firearms, illegal drugs, and anonymous stores of wealth, mostly cash. Palmerton Decl. ¶ 2.  Drug detecting dogs alerted to most, but not all of the cash stashes. Id.

On May 20, 2021, the FBI initiated administrative forfeiture proceedings as to the items (namely, $250,100.00[3] in U.S. Currency) in plaintiff's box number 2300 by sending an individual notice of the FBI commencement of administrative forfeiture to plaintiff.  SAC ¶¶ 58-60; Murray Decl. ¶ 2.  On June 16, 2021, plaintiff filed a claim to contest the administrative forfeiture of the currency (SAC ¶ 67), which means the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) & (B) for the government to file a judicial forfeiture action against those items or else release them has not yet expired and will not expire until September 15, 2021.

/ / /

/ / /

/ / /

---

[3] The $250,100.00 contained one counterfeit 100 dollar bill, making the amount of genuine currency seized from the box $250,000.00.  Murray Dec. ¶ 2.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# III.

# ARGUMENT

**A.**  **The Standards For Motions To Dismiss Under Fed. R. Civ. P.  12 For Lack of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted.**

Federal courts should not adjudicate controversies where subject matter jurisdiction is lacking because they "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)(citation omitted).  As courts of limited jurisdiction, the presumption is that a court is "without jurisdiction unless the contrary appears affirmatively from the record."  Id. at 546 (internal quotes and citations omitted).  The burden of establishing subject matter jurisdiction rests upon the party invoking it [DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)] and "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."  Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989) (internal quotes and citation omitted); see also Fed. R. Civ. P. 12(h)(3).

Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction attacks can be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In "a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Conversely, in a factual attack "[n]o presumptive truthfulness attaches to plaintiff's [complaint's] allegations" [Thornhill Pub. v. General Tel. and Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes and citation omitted)], "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" [Safe Air for Everyone, 373 F.3d at 1039 (citation omitted)], and courts may weigh the extrinsic evidence in determining whether the facts show that a plaintiff has discharged plaintiff's

4

1   burden of demonstrating that subject matter jurisdiction exists [<u>Roberts v. Corrothers</u>,

2   812 F.2d 1173, 1177-78 (9th Cir. 1987)].

3        Courts should grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state

4   a claim upon which relief can be granted when a complaint fails to allege a cognizable

5   legal theory or sufficient factual support for a legal theory.  <u>Caltex Plastics, Inc. v.</u>

6   <u>Lockheed Martin Corp.</u>, 824 F.3d 1156, 1159 (9th Cir. 2016).  Fed. R. Civ. P. 12(b)(6)

7   "authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  <u>Seismic</u>

8   <u>Reservoir 2020, Inc. v. Paulsson</u>, 785 F.3d 330, 335 (9th Cir. 2015) (internal quotes and

9   citation omitted).  Also, a complaint must set forth "enough facts to state a claim for

10   relief that is plausible on its face" to defeat the motion.  <u>Bell Atlantic Corp. v. Twombly</u>,

11   550 U.S. 544, 570 (2007).  On the motion, courts accept as true the well-pleaded

12   material factual allegations of a complaint but need not accept as true conclusory

13   allegations, unwarranted factual deductions, unreasonable inferences or legal

14   characterizations.  <u>Bell Atlantic Corp.</u>, 550 U.S. at 555; <u>Warren v. Fox Family</u>

15   <u>Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003).  Moreover, courts may consider

16   documents attached to or mentioned in a complaint and matters subject to judicial notice

17   without converting the motion into a summary judgment motion.  <u>Massey v. Ojaniit</u>, 759

18   F.3d 343, 347-48 (4th Cir. 2014); <u>Von Saher v. Norton Simon Museum of Art at</u>

19   <u>Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010).

20       **B.**    **Plaintiff's Complaint Seeks To Invoke The Equitable Jurisdiction Of**

21           **This Court.**

22        Plaintiff's first cause of action seeks the return of property pursuant to Fed. R.

23   Crim. P. 41(g).  Because plaintiff seeks the return of property, plaintiff's complaint (or

24   for that matter a motion, which is treated as a complaint)[4] seeks to invoke the Court's

25   _____

26       [4] Ninth Circuit cases instruct district courts to treat Rule 41(g) motions as civil
complaints governed by the Federal Rules of Civil Procedure.  <u>United States v. Ibrahim</u>,
522 F.3d 1003, 1007 (9th Cir. 2008) ("[b]ecause there were no criminal proceedings

27   pending at the time of filing, the District Court properly treated the motion as a civil
complaint governed by the Federal Rules of Civil Procedure") (citation omitted); <u>United</u>

28   <u>States v. Ritchie</u>, 342 F.3d 903, 906-07 (9th Cir. 2003).  Once district courts treat the
                         *(footnote cont'd on next page)*

equitable jurisdiction.  Fed. R. Crim. P. 41(g) motions/complaints are only appropriate where the return of property is sought and no criminal action seeking forfeiture of the property is pending nor have civil forfeiture proceedings been instituted.  See United States v. $8,850, 461 U.S. 555, 569-70 (1983) (recognizing such motions under former Fed. R. Crim. P. 41(e)).  Because such a movant has no other available forum to address the grievance, Fed. R. Crim. P. 41(g) motions are treated as equitable civil actions. United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987).

The Ninth Circuit has recognized that a district court's invocation of equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) request for return of property should be exercised with caution and restraint.  Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993).  It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable.  United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990) (affirming district court's refusal to exercise equitable jurisdiction "because Elias had an adequate remedy at law"); United States v. U.S. Currency, $83,170.78, 851 F.2d 1231, 1235 (9th Cir. 1988) (affirming denial of motion for return of property where adequate remedies at law existed; there was "no need to fashion an equitable remedy").

**C.  Plaintiff Has Not Shown Equitable (And Therefore Subject Matter) Jurisdiction Exists As To The Items That Are Subject To Administrative Forfeiture Because The Commencement Of Administrative Forfeiture Proceedings Provides Plaintiff With An Adequate Remedy At Law.**

The commencement of administrative forfeiture as to the property plaintiff seeks to have return provides an adequate remedy at law and shows that equitable jurisdiction does not lie to hear plaintiff's Rule 41(g) claim.  In Elias, the Ninth Circuit held that

---

motion "as a civil complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure.  These rules apply to each stage of the proceedings, the same way they would in the civil context."  Ibrahim, 522 F.3d at 1008 (citation omitted and emphasis in original).

administrative forfeiture proceedings provide an adequate remedy at law and therefore preclude a district court from exercising equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) motion for return for property.  There, the government had seized assets and initiated administrative forfeiture proceedings by providing notice thereof.  In affirming the district court's dismissal of Elias' motion, the court concluded that "Elias had a remedy at law pursuant to the administrative forfeiture scheme set forth in 19 U.S.C. § 1608."  921 F.2d at 872.  The court rejected the argument that only pending judicial forfeiture proceedings precluded Fed. R. Crim. P. 41(g) relief, and held that administrative forfeiture proceedings "provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property" and that "both [the administrative and judicial forfeiture] procedures give the claimant an adequate remedy at law." Id. at 873.

Following this rule, numerous Ninth Circuit and cases within the Circuit have dismissed Fed. R. Crim. P. 41(g) motions and complaints where forfeiture proceedings are pending, reasoning that the initiation of forfeiture proceedings provides an adequate remedy at law and divests courts from hearing Fed. R. Crim. P. 41(g) motions or complaints for the return of property.  See, e.g., U.S. Currency, $83,310.78, 851 F.2d at 1235 ("when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant"); In Re Return of Seized Prop. (Jordan), 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009) (in granting the government's motion to dismiss a Fed. R. Crim. P. 41(g) motion for return with prejudice, the court noted "the Ninth Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has been filed") (citation omitted); In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise, LLC, 2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) (in granting government's motion to dismiss for lack of subject matter jurisdiction, the district court noted "if a related civil forfeiture proceeding is filed - - either before or after the Rule 41(g) motion was brought - - the court no longer has jurisdiction to entertain the Rule 41(g) motion.  A civil forfeiture proceeding gives the

7

claimant an adequate remedy at law, precluding exercise of the district court's equitable powers") (internal quotes and citations omitted).

Cases outside the Ninth Circuit are in accord. <u>Haltiwanger v. United States</u>, 494 F. Supp. 2d 927 (N.D. Ill. 2007) (granting government's motion to dismiss for lack of jurisdiction because the district court lacked equitable jurisdiction to hear Fed. R. Crim. P. 41(g) motion once administrative forfeiture proceedings were commenced); <u>United States v. Voraveth</u>, 2008 WL 4287293, *13 (D. Minn. Jul. 1, 2008), <u>r.& r adopted</u>, <u>United States v. Naovalath</u>, 2008 WL 2885965 (D. Minn. Jul. 22, 2008) (equitable relief under Fed. R. Crim. P. 41(g) is not available once administrative forfeiture proceedings commenced because those proceedings provide an adequate remedy at law); <u>$8,050.00 in U.S. Currency v. United States</u>, 307 F. Supp. 2d 922, 926-27 (N.D. Ohio 2004) (comprehensive provisions in 18 U.S.C. § 983, governing the procedural aspects of civil forfeiture proceedings, give claimant an adequate remedy at law for contesting a civil forfeiture; thus, once the Government commences administrative forfeiture proceedings, a Rule 41(g) motion must be dismissed); <u>United States v. One 1987 Jeep Wrangler</u>, 972 F.2d 472, 479 (2d Cir. 1992) ("the claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding.  Consequently, once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion") (citations omitted); <u>United States v. 2nd Amendment Guns, LLC</u>, 917 F. Supp. 2d 1120 (D. Or. 2012) (once government commences administrative forfeiture proceeding, claimant has an adequate remedy at law to raise claimant's Fourth Amendment unlawful search arguments).[5]

---

[5] Plaintiff also cites one old district court decision based on a magistrate's recommendation, <u>Otonye v. U.S.</u>, 903 F. Supp. 357 (E.D.N.Y. 1995), to suggest that equitable jurisdiction exists, based on the Court's inherent authority, apart from Rule 41(g).  However, that is incorrect.  The scope of Rule 41(g) is now clear, as evidenced by the multitude of cases cited above, in that it allows courts under their equitable jurisdiction to provide for return of property where there are no criminal proceedings or asset forfeiture proceedings against the property.  <u>Id.</u> at 360 ("Rule 41(e) was amended in 1989 expressly to clarify the ambiguity in the prior rule regarding the scope of a

*(footnote cont'd on next page)*

1    Therefore, plaintiff's complaint should be dismissed for lack of subject matter

2    jurisdiction.  The commencement of administrative forfeiture proceedings provides an

3    adequate remedy at law and shows the equitable jurisdiction does not lie.

4    **D.    Plaintiff Cannot Satisfy Article III's Case Or Controversy**

5    **Requirement.**

6    Plaintiff's first (Rule 41(g)), third (declaratory relief) and fourth (order disclosing

7    inventory pursuant to Rule 41(f)(1)(D)) causes of action are also barred because plaintiff

8    cannot satisfy Article III's case or controversy requirement as to those causes of action.

9    First, the currency plaintiff seeks to have returned is subject to the administrative

10   forfeiture proceeding, and the September 15, 2021 deadline for the government to file a

11   judicial forfeiture action against that property has not yet expired, meaning plaintiff's

12   request for relief is unripe.  Second, while the SAC alleges that irreparable injury exists

13   based on decisions in a related case, the decisions upon which plaintiff relies show that

14   persons, like plaintiff, who filed administrative claims suffered <u>no</u> irreparable injury

15   because the government cannot conclude a forfeiture of their property without filing a

16   judicial forfeiture action (which sets forth the factual and legal bases for the forfeiture)

17   as to those persons and the pursuit of those judicial actions to conclusion, as the filing of

18   an administrative claim prevents the seizing agency from concluding an administrative

19   forfeiture.[6]  <u>Paul Snitko, et al. v. United States of America, et al.</u>, Case No. 2:21-cv-

20   04405-RGK-MAR, Docket No. 64-4 at page 20-21.  In addition, the government notes

21

22   _____

23   court's jurisdiction to hear motions for return of property").  Accordingly, Rule 41(g) is
     the sole basis to seek the return of property based on equitable jurisdiction.

24   [6] By law, the filing of a claim stops the administrative forfeiture proceeding as to
     the property (28 C.F.R. § 8.10(e)) which means that the seizing agency cannot enter a

25   final decision declaring the asset administratively forfeited under 28 C.F.R. § 8.12 (<u>i.e.</u>,
     the equivalent of a court judgment of forfeiture in a judicial case), and requires the

26   seizing agency to refer the matter to the United States Attorney's Office for the filing of
     a complaint for forfeiture in Court, and the government must "promptly release" the

27   property if the complaint for forfeiture is not filed within 90 days after the claim
     contesting forfeiture is filed with the seizing agency (<u>see</u> 18 U.S.C. § 983(a)(3)(A) &

28   (B)).

9

that a seizing agency's forfeiture notice standing alone is not controlling[7] because property cannot be forfeited as to an administrative claimant like plaintiff without prosecuting a judicial forfeiture action to completion.[8]  In sum, plaintiff's request for relief based on future events that may or may not occur (namely, the government may or may not file a judicial forfeiture action and may or may not release the property after the complaint filing deadline expires if no judicial action is filed) runs afoul of Article III case or controversy standing and ripeness requirements.  See United States v. Linares, 921 F.2d 841, 843-44 (9th Cir. 1990) (where a claim is based on a series of events that may never come to pass, the case is not ripe).

The "case or controversy" requirement in Article III mandates that issues be "definite and concrete, not hypothetical or abstract," before federal courts may exercise jurisdiction over them.  Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945).  In applying this jurisdictional limitation, courts have, under the rubric of ripeness or standing, refused to consider issues that are hypothetical.  Thomas v. Anchorage Equal

---

[7] The holding in Gete v. I.N.S., 121 F.3d 1285 (9th Cir. 1997) is not directed solely to a forfeiture notice, as the Ninth Circuit did not hold that the factual bases for seizure and the statute identifying the specific crime violated must be included in a forfeiture notice that standing alone merely commences the administrative forfeiture proceeding and informs the recipients of their options for seeking return of their property, in order to comport with due process.  Instead, Gete was considering "administrative review of forfeitures under procedures lacking all semblance of due process" (id. at 1287), which included the multiple events as described in the opinion and not just a single notice.

[8] In addition, the U.S. Supreme Court and the Ninth Circuit hold that delays significantly longer than the approximately 5 months between the seizure and the commencement of forfeiture proceedings, either administrative or judicial, do not constitute a due process violation. United States v. $8,850.00 in U.S. Currency, 461 U.S. 555, 565 (1983) (18 month delay between the seizure of property and commencement of administrative forfeiture proceedings did not violate due process); United States v. Approximately $1.67 Million in U.S. Currency, Stock & Other Valuable Assets, 513 F.3d 991, 998, 1001 (9th Cir. 2008) (five year delay between seizure of property and filing of judicial civil forfeiture complaint did not violate due process); United States v. Ninety-Three (93) Firearms, 330 F.3d 414, 426 (6th Cir. 2003) (three year delay between seizure of property and filing of complaint did not violate due process); cf. United States v. $1,111,120.00 in U.S. Currency, 2014 WL 619436 (S.D. Ohio Feb. 18, 2014) (stay of civil forfeiture action for three years while criminal investigation was ongoing did not violate due process).

Rights Com'n,  220 F.3d 1134, 1138-39 (9th Cir. 2000).  An issue or action is deemed to be unripe when the claims that it presents have either not yet occurred or not become sufficiently "concrete" for judicial resolution.  Western Oil & Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290 (9th Cir. 1990).

Because ripeness is a constitutional prerequisite for jurisdiction, courts lack jurisdiction to review claims unless they are ripe.  United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009).  The role of the judiciary is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas, 220 F.3d at 1138 (citation omitted).  Ripeness is therefore "designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1122 (9th Cir. 2009) (internal quotes omitted).

To determine whether a case is ripe for review, the Ninth Circuit has held that the proper analysis is (1) whether the issue is fit for judicial decision, and (2) whether the parties will suffer a hardship if the court withholds decision.  United States v. Lazarenko, 476 F.3d 642, 652 (9th Cir. 2007).  A question is fit for decision when it can be decided without considering "contingent future events that may not occur as anticipated, or indeed may not occur at all." Cardenas v. Anzai, 311 F.3d 929, 934 (9th Cir.2002) (internal quotes omitted); see also Streich, 560 F.3d at 931.  That is, the injury complained of must be "real and concrete rather than speculative and hypothetical." Stormans, Inc., 586 F.3d at 1122 (internal quotes omitted).  Accord, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (in order to have standing to sue, Article III requires that a plaintiff "suffer[] an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical") (internal quotes omitted).  Courts should consider "whether the controversy generated is essentially legal in nature or whether further factual amplification is necessary." Lazarenko, 476 F.3d at 652.  (internal quotes omitted).

Where the case is "too speculative for resolution by a federal court" and "[f]urther delineation of the facts is necessary to shape the issues for review," courts have declined to review the case on ripeness grounds.  <u>Western Oil & Gas Ass'n</u>, 905 F.2d at 1291.

The second prong requires determining whether postponing review would impose a "direct and immediate hardship." <u>Lazarenko</u>, 476 F.3d at 652.  "To meet the hardship requirement, a litigant must show that withholding review would result in 'direct and immediate' hardship and would entail more than possible financial loss." <u>Winter v. Cal. Med. Review Bd., Inc.</u>, 900 F.2d 1322, 1325 (9th Cir.1990) (citations omitted).  As the party asserting jurisdiction, plaintiffs bear the burden of establishing that they have "suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." <u>Laub v. United States Dep't of the Interior</u>, 342 F.3d 1080, 1085 (9th Cir. 2003).

Plaintiff's first, second and fourth causes of action should be dismissed for this reason, as well.  Plaintiff has not satisfied Article III's case or controversy requirement.

**E.      Plaintiffs' Stand-Alone Third And Fourth Causes Of Action Do Not State Claims Upon Which Relief Can Be Granted Because They Are Remedies And Not Independent Claims For Relief.**

Plaintiff's third cause of action seeks declaratory relief while plaintiff's fourth cause of action seeks an order, which is akin to an injunction, requiring the government to provide an inventory of the property taken from plaintiff's box pursuant to Fed. R. Crim. P. 41(f)(1)(D).  These are remedies, not causes of action, and therefore a Fed. R. Civ. P. 12(b)(6) motion is properly granted as to them.  <u>Amina v. WMC Fin. Co.</u>, 329 F. Supp. 3d 1141, 1166 (D. Haw. 2019)  ("[t]o the extent Plaintiffs seek declaratory and injunctive relief as an independent claim, the Court follows the well-settled rule that a claim for such relief, standing alone, is not a cause of action.  Accordingly, this cause of action fails to state a stand-alone claim upon which relief can be granted") (citations omitted); <u>Silver State Broad, LLC v. Beasley FM Acquisition Corp.</u>, 2012 WL 4049481, *3 (D. Nev. Sept. 12, 2012) ("[a]s a preliminary matter, the Court dismisses Plaintiffs'

12

Claim[] . . . 5 (injunctive relief) . . . as these 'claims' are not recognized causes of action but are rather remedies.  Under Rule 12(b)(6), a request for a specific remedy is not sufficient to state a claim upon which relief can be granted") (internal quotation marks and citation omitted); Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) (dismissing plaintiff's claim for injunctive relief without leave to amend, and noting "[a] request for injunctive relief by itself does not state a cause of action . . . An injunction is a remedy, not a separate claim or cause of action"); Ballard v. Chase Bank United States, NA, 2010 WL 5114952, *8 (S.D. Cal. Dec. 9, 2010) ("[a] claim for declaratory relief rises or falls with the other claims") (internal quotation marks and citations omitted).

For this reason as well, plaintiff's second and fourth causes of action should be dismissed.

## F.    Plaintiff's Fourth Cause Of Action For Order Disclosing Inventory Fails To State A Claim For Relief.

Plaintiff's fourth cause of action seeks an inventory of the property taken from plaintiff's box at USPV, pursuant to Fed. R. Crim. P. 41(f).  Fed. R. Crim. P. 41 does not require that plaintiff be given an inventory of the contents of plaintiff's box.

Fed. R. Crim. P. 41 by its own terms addresses only search warrants, addressing how they are obtained and executed.  Frazier v. Roberts, 441 F.2d 1224, 1230 n.2 (8th Cir. 1971) ("Rule 41[] governs issuance of search warrants").  Fed. R. Crim. P. 41(f)(1)(C) requires officers executing a search warrant to leave a receipt for the items taken, called an "inventory," at "the place where the officer took the property," or give it to the person from whom or from whose premises the property was taken.  Here, agents executed a search warrant at USPV and properly left behind an "inventory" indicating, among other things, that they had seized USPV's nests of safety deposit boxes.  At the time the nests of safety deposit boxes were seized, there were no warrants for any individual safety deposit boxes, and so no requirement under Fed. R. Crim. P. 41 that any "inventory" for them be produced or served.

In contrast, "an inventory search is a routine administrative procedure designed to effect three distinct purposes: protection of the owner's property . . . ; protection of the police against claims of lost, stolen or vandalized property; and protection of the police from potential danger." United States v. Lugo, 978 F.2d 631, 636 (10th Cir. 1992) (citing South Dakota v. Opperman, 428 U.S. 364, 369 (1975)).  No court has ever held that Fed. R. Crim. P. 41 governs administrative inventory searches, which would be nonsensical because there is no warrant or affidavit for an inventory search, and therefore nothing to "obtain" or "execute."  "[I]nventory searches are . . . a well-defined exception to the warrant requirement of the Fourth Amendment." Colorado v. Bertine, 479 U.S. 367, 371 (1987) (citations omitted).  Because the plaintiff's individual safety deposit box was searched administratively, rather than pursuant to a criminal search warrant, the procedural requirements of Fed. R. Crim. P. 41 do not apply.

Accordingly, for this reason as well, plaintiff's fourth cause of action should be dismissed.

G.     **Assuming Plaintiff Can Otherwise Establish Subject Matter (Meaning Equitable) Jurisdiction, The Court Should, In Its Discretion, Dismiss Plaintiff's Third Cause Of Action Seeking Declaratory Relief For Additional Reasons.**

Plaintiff's third cause of action seeks declaratory relief, and plaintiff notes that the Court has authority to grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  SAC ¶ 9.  The Declaratory Judgment Act is not an independent source of subject matter jurisdiction, but instead requires another basis for subject matter jurisdiction.  28 U.S.C. § 2201 provides that federal courts may grant declaratory relief "in a case . . . within its jurisdiction." (Emphasis added). See North County Communications Corp. v. California Catalog & Tech., 594 F.3d 1149, 1154 (9th Cir. 2010).  Assuming plaintiff can establish subject matter jurisdiction in this case, the Court should exercise its jurisdiction to deny declaratory relief.

14

1      A party does not have an absolute right to a legal determination of its claim under

2  the Declaratory Judgment Act.  United States v. Washington, 759 F.2d 1353, 1356 (9th

3  Cir. 1985) (en banc).  "Federal courts do not have a duty to grant declaratory judgment;

4  therefore, it is within a district court's discretion to dismiss an action for declaratory

5  judgment."  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 533 (9th Cir. 2008)

6  (citations omitted).  Declaratory relief should be denied when "prudential considerations

7  counsel against its use," or when the relief requested "will neither serve a useful purpose

8  in clarifying and settling the legal relations in issue nor terminate the proceedings and

9  afford relief from the uncertainty and controversy faced by the parties."  Washington,

10  759 F.2d at 1357 (citations omitted).

11      Plaintiff's cause of action for declaratory relief, in which plaintiff raises Fourth

12  and Fifth Amendment violations, can properly be raised in any civil forfeiture action the

13  government files.  One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696 (1965)

14  (Fourth Amendment exclusionary rule applies in civil forfeiture cases); United States v.

15  $186,416.00 in U.S. Currency, 590 F.3d 942, 950 (9th Cir. 2010) (same); Supplemental

16  Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

17  Forfeiture Actions (party can file motion to suppress evidence in civil forfeiture cases).

18  Accordingly, declaratory relief in the instant case would be duplicative of affirmative

19  defenses based on constitutional violations raised in any future civil forfeiture case the

20  government may file.  Prudential considerations regarding litigating identical issues in

21  two different cases is reason for the Court to exercise its discretion and deny declaratory

22  relief here.  See Amerada Petroleum Corp. v. Marshall, 381 F.2d 661 (5th Cir. 1967)

23  (declaratory judgment action properly dismissed where same issues raised in another

24  case); Arthur J. Gallagher & Co. v. Lang, 2015 WL 13390098 (N.D. Cal. Feb. 23, 2015)

25  (declaratory relief to assert counterclaims denied where counterclaims duplicate

26  affirmative defenses a party asserted in the case); The Rutter Group, Federal Civil

27  Procedure Before Trial § 10:49 (2021) ("Courts ordinarily refuse to decide constitutional

28  issues in declaratory relief actions except when absolutely necessary").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that its motion be granted.

Dated: September 7, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, and
TRACY L. WILKISON and KRISTI
KOONS JOHNSON IN THEIR OFFICIAL
CAPACITY ONLY