Jeffrey B. Isaacs (SBN 117104)
Jerome H. Friedberg (SBN 125663)
William Wargo (SBN 189987)
**ISAACS | FRIEDBERG LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Phone:      (213) 929-5550
Facsimile:  (213) 955-5794
Email:   *jisaacs@ifcounsel.com*
         *jfriedberg@ifcounsel.com*
         *wwargo@ifcounsel.com*

Attorneys for Plaintiff Louise Loe

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LOE,<br><br>           Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA; TRACY L. WILKISON; KRISTI KOONS JOHNSON; JUSTIN PALMERTON; KATHRYN E. BAILEY DRESS; DEZMOND BEVERLY; JESSIE MURRAY; LYNNE K. ZELLHART; and DOE UNIDENTIFIED FEDERAL LAW ENFORCEMENT AGENTS 1-10,<br><br>Defendants<br>           Defendants. | Case No. 2:21-cv-03348-RGK-MAR<br><br>Hon. R. Gary Klausner<br>Magistrate Judge Margo A. Rocconi<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26-1**<br><br>Complaint filed:   April 19, 2021<br>SAC filed:         August 24, 2021<br>Trial date:        None set<br>Scheduling Conf.   October 4, 2021 |

**PARTIES' JOINT REPORT**

On September 13, 2021, counsel for Plaintiff and Defendants met and conferred telephonically pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Central District of California Local Rule 26-1, and the Court's July 6, 2021 Order Setting Scheduling Conference. The parties hereby submit this Joint Report based upon the discussions of their counsel.

The parties reserve their rights to revise and supplement this report and their respective positions herein.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement

Plaintiff brings this action pseudonymously as Louis Loe[1] against Defendants United States of America ("**United States**"); Acting United States Attorney for the Central District of California, Tracy L. Wilkison ("**Wilkison**"), in her official capacity only; Assistant Director in Charge of the Los Angeles Field Office of the Federal Bureau of Investigation ("**FBI**"), Kristi Koons Johnson ("**Koons Johnson**"), in her official and individual capacities; FBI Special Agent Justin Palmerton ("**Palmerton**"), in his individual capacity; FBI Special Agent Kathryn E. Baily Dress ("**Bailey Dress**"), in her individual capacity; Federal Law Enforcement Agent Dezmond Beverly ("**Beverly**"), in his individual capacity; FBI Supervisory Special Agent Jessie Murray ("**Murray**"), in her individual capacity; FBI Special Agent Lynne E. Zellhart ("**Zellhart**") and Doe Unidentified Federal Law Enforcement Agents 1-10 (collectively "**Defendants**").

Plaintiff seeks redress for the government's unlawful and unconstitutional seizure, search and retention of Plaintiff's property in violation of Plaintiff's Fourth and Fifth Amendment rights.

Plaintiff stored valuable personal property in safe deposit Box No. 2300 that

---

[1] Plaintiff uses the male pronoun only as a grammatical convenience consistent with the reference to Louis Loe. Plaintiff makes no allegation as to his or her gender.

1. he leased at U.S. Private Vaults, Inc. ("**USPV**") in Beverly Hills, California, none of which is contraband or otherwise connected to criminal activity.

2. On or about March 22, 2021, Defendants, without probable cause, unlawfully seized, broke open and then searched Plaintiff's safe deposit box and its contents, in violation of Plaintiff's Fourth Amendment rights. Thereafter, Defendants unlawfully deprived Plaintiff of the use, benefit and enjoyment of his property, and are continuing to deprive him of the use, benefit and enjoyment of his property, in violation of his Fourth and Fifth Amendment rights.

3. The affidavit the government filed in support of the search and seizure warrants for USPV (the "Affidavit") was false and misleading in that the government falsely and misleadingly suggested that Plaintiff and hundreds of USPV customers are engaged in criminal conduct of a serious nature, omitting the material fact that USPV's customers include retirees, professionals and other entirely law-abiding citizens who, like Plaintiff, stored their property at UPSV for the sake of convenience and security.

4. The Affidavit was also materially false and misleading in that it did not disclose that the government's true plan all along was to seize and search Plaintiff's USPV box (and those of hundreds of other USPV customers) without any probable cause, and then use the fruits of that unlawful seizure and search to conduct a criminal investigation of Plaintiff (and other USPV customers).

5. On May 20, 2021, Defendant United States purported to provide notice to USPV of the initiation of administrative forfeiture proceedings for the contents of several hundred safe deposit boxes, including Box No. 2300 (the "**USPV Notice**"). On June 16, 2021, Plaintiff filed a Declaration and Claim with the FBI to avoid having the government declare his property forfeited without further process.

6. On June 22, 2021, this Court held in the related case of *Snitko v. United States*, 2:21-cv-4405-RGK-MAK, that the government's administrative forfeiture notices issued to the plaintiffs in that case, including the USPV Notice, failed to

satisfy due process.  The Court barred the government from proceeding with an administrative forfeiture based on the deficient notice.   Plaintiff notified Defendants on or about June 25, 2021, of his objection to any administrative forfeiture based on the same deficient notice as in *Snitko*.  Defendants never corrected the unconstitutional notice deficiency this Court identified, and thus there has never been any valid administrative forfeiture proceeding against Plaintiff's property.

On September 8, 2021, the United States filed a "Complaint for Forfeiture" against Plaintiff's property in the Central District of California, 2:21-cv-07188-CBM-MRW.  This complaint has not yet been served.

In this action, Plaintiff seeks the return of his property in Box No. 2300, declaratory relief and damages based on Defendants' violations of his constitutional rights.  Specifically, Plaintiff alleges four cause of action:  (1) For Return of Property pursuant to Federal Rule of Criminal Procedure 41(g) ("**Rule 41(g)**") and the Court's inherent authority; (2) damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("**Bivens**"); (3) Declaratory Relief based on violation of his constitutional rights; and (4) for an order disclosing any inventory of Plaintiff's property pursuant to Rule 41(g).

**B.    Defendants' Statements**

**Defendant USA**

Loe has filed a complaint/Rule 41(g) motion for return of property contesting the validity of the government's inventory search.  In addition, there is pending a motion to dismiss Loe's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which motion the government filed on September 7, 2021, for which an opposition is due September 27, 2021, the government's reply is due October 4, 2021 and the hearing is set for October 18, 2021.  Meanwhile, on September 8, 2021, the government filed a civil forfeiture complaint against the property Loe seeks to have returned in this action.  See United States of America v. $250,000.00 in U.S. Currency, Case No. 2:21:cv-07188-RGK-MAR.  The judicial

forfeiture complaint sets forth the facts that support the forfeiture of the property, pursuant to the applicable aggregate of the facts test.

**Individual Defendants**

FBI Assistant Director In-Charge Kristi Koons Johnson, FBI Special Agent Justin Palmerton, FBI Special Agent Kathryn E. Bailey Dress, Federal Law Enforcement Agent Dezmond Beverly, FBI Supervisory Special Agent Jessie Murray, and FBI Special Agent Lynne E. Zellhart are federal agents stationed in the Los Angeles FBI Field Office. Plaintiff alleges that Koons Johnson, as the head of the Los Angeles Field Office, knew about or otherwise sanctioned violations of the Fourth and Fifth Amendments made by FBI employees under her supervision. Plaintiff alleges that Palmerton, Bailey Dress, and Beverly—violated the Fourth Amendment by personally participating in the inventory process at USPV. Plaintiff alleges that Murray "personally participated in the continued detention of Plaintiff's property by the government" in violation of the Fifth Amendment. And Special Agent Lynne Zellhart allegedly drafted the USPV warrant that allegedly lacked probable cause and contained false and misleading statements.  The Individual Defendants deny all constitutional violations and otherwise assert that they acted lawfully.

**II.    LEGAL ISSUES**

**A.    Plaintiff's Statement**

The primary legal issues in this case are (1) whether the government violated Plaintiff's Fourth and Fifth Amendment rights by seizing and refusing to return his property without probable cause, due process and on the basis of the false and misleading Affidavit; (2) whether Plaintiff is entitled to damages under *Bivens* for the violation of his Fourth and Fifth Amendment rights; (3) whether Plaintiff is entitled to the return of his property under Rule 41(g) and/or the Court's inherent authority; (4) whether Plaintiff is entitled to declaratory relief; (5) whether Plaintiff is entitled to any government inventory of his property pursuant to Rule 41(g); and

(6) whether this action, or some portion of it, should be stayed or dismissed because the government has filed a civil forfeiture action against Plaintiff's property in Box. No. 2300.

**B.  Defendants' Statement**

**Defendant USA**

The legal issues in this case include whether plaintiff has the right to the return of the property in this case, as more fully set forth in Defendants' briefing on the motion to dismiss, and the impact of the filing of the civil forfeiture action on the instant proceeding.

**Individual Defendants**

The primary legal issues with respect to the Individual Defendants are set forth in detail in their motions to dismiss. Foremost, the claims against them require determining whether Plaintiff's theories of recovery arise in a new context that implicates classic reasons for rejecting the creation of a new *Bivens* remedy. These reasons include: (i) whether the claim is improper given the existence of an alternative remedy; (ii) whether it would impermissibly hold the Special Agents responsible for policy decisions; (iii) whether the claim would cause disruptive intrusion into the Executive branch; and (iv)whether Congress' omission of a Fourth Amendment damages remedy is not inadvertent. The second legal issue is whether the Plaintiff's claims of constitutional violations overcome the Individual Defendants' qualified immunity. Other legal issues may arise as the record develops or if the status of Plaintiff's alleged property changes.

**III.  DAMAGES**

Plaintiff seeks damages, including punitive damages, for the violation of his constitutional rights pursuant to *Bivens*. Plaintiff has not calculated the amount of these damages, but they are not identical to or coterminous with the dollar value of his property seized by the government, and would not be fully compensated by the return of his property. Plaintiff also seeks reasonable attorney's fees, costs, and

disbursements incurred in association with this action, including pre-judgment interest thereon, as well as any other legal or equitable relief the Court deems just and proper.

IV. **INSURANCE**

The parties are not aware of any insurance policy applicable to this case.

V. **MOTIONS**

Defendants United States, Wilkinson and Koons Johnson, in their official capacities, and Koons Johnson in her individual capacity, have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed oppositions to these motions on September 27, 2021. The hearing on the motions is scheduled for October 18, 2021. The remaining individual defendants, Special Agents Palmerton, Bailey Dress, Beverly, Murray and Zellhart filed a motion to dismiss on September 25, 2021. The hearing on the motion is set for November 15, 2021.

VI. **COMPLEXITY**

The parties agree there is no need to use the Manual for Complex Litigation.

VII. **STATUS OF DISCOVERY**

The parties have not yet initiated discovery.

VIII. **DISCOVERY PLAN**

<u>Initial disclosures</u>: The parties will serve their initial disclosures on September 27, 2021.

<u>Anticipated subjects of discovery</u>: Plaintiff anticipates seeking discovery on at least the following topics:

(1) Facts demonstrating that Defendants did not have probable cause to seize and search Box No. 2300 and its contents in the first instance and do not have probable cause for continuing to retain the property he was safekeeping in the Box;

(2) Facts demonstrating the affidavit submitted by Defendants to support

the search and seizure warrants for USPV was materially false and misleading;

  (3) Facts demonstrating that Defendants did not have sufficient legal grounds to seek civil forfeiture of the property they seized from Box No. 2300; and

  Discovery conducted by Defendants would focus on the issues raised by Plaintiff's complaint.

  <u>Time needed for discovery</u>:  The parties jointly propose that fact discovery close on April 15, 2022.

  Plaintiff anticipates conducting between 10 and 25 deposition, depending on the information obtained in the course of discovery.

  Plaintiff intends to serve requests for production, interrogatories and requests for admission.

  The government reserves the right, as appropriate, to conduct discovery on the issues raised in this action or request a limitation or restriction on discovery in this action.

  <u>Issues relating to electronically stored information ("ESI")</u>:  The parties plan to negotiate an agreement setting forth a specific ESI protocol, if needed, at the appropriate time.

  <u>Issues related to privileged materials</u>:  The parties plan to discuss issues related to privilege as they arise.

  <u>Changes to limitations on discovery</u>:  The parties agree that no change to the presumptive limits on discovery under the applicable rules should be made at this time, but they reserve their right to make requests for adjustments of those limitations, as appropriate, in the future.

  <u>Issues related to protective orders</u>:  The parties have not yet determined whether a protective order will be needed in this case, but if the need arises, they agree to meet and confer on an appropriate protective order.

  <u>Other Rule 16(b) or 16(c) issues</u>:  The parties will meet and confer on

stipulations that may advance the litigation.

## IX. EXPERT DISCOVERY

At this time, the parties have not identified any experts, but may do so prior to the disclosure deadline.

## X. DISPOSITIVE MOTIONS

Depending on developments in the case, the parties would anticipate filing motions for summary judgment or adjudication on the legal issues identified above. The parties propose that the last date for hearing any summary judgment or adjudication motion would be June 6, 2022 (approximately eight weeks after the proposed discovery cut-off date).

## XI. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The parties request that the matter be assigned to the Magistrate Judge assigned to this case for purposes of holding the required ADR proceeding.

## XIII. PRELIMINARY TRIAL ESTIMATE

The parties anticipate any trial in this case would last four to five days.

## XIV. TRIAL COUNSEL

Plaintiff's trial counsel is Jeffrey B. Isaacs, and William A. Wargo. Defendants' trial counsel is Assistant United States Attorney Victor A. Rodgers and Department of Justice Trial Attorney Joseph A. Gonzalez.

## XV. INDEPENDENT EXPERT OR MASTER

The parties do not anticipate the need for an Independent Expert or Master.

## XVI. OTHER ISSUES

A. **Stay of Discovery during the Pendency of the Motion for Qualified Immunity.**

**Individual Defendants**

The Individual Defendants object to beginning discovery in this matter because they have asserted a qualified immunity defense that is still pending as of the time of this filing. "Until this threshold immunity question is resolved, discovery

1  should not be allowed." *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).

2      This stay would be appropriate because qualified immunity is "*immunity from
3  suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526
4  (1985) (italic in original); *see Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The
5  basic thrust of the qualified-immunity doctrine is to free officials from the concerns
6  of litigation, including avoidance of disruptive discovery.") (quotations and citation
7  omitted). The Ninth Circuit has also noted that "government officials are entitled to
8  raise the qualified immunity defense immediately, on a motion to dismiss the
9  complaint, to protect against the burdens of discovery and other pre-trial
10 procedures." *Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004) (citations
11 omitted).

12     In deference to this authority, district courts in the Ninth Circuit have declined
13 to open discovery while a qualified immunity defense is pending. *See, e.g., Morris
14 v. McGrath*, No. C 06-5015 SI(PR), 2008 WL 4858493, at *2 (N.D. Cal. Nov. 10,
15 2008) ("The U.S. Supreme Court has made it abundantly clear that a district court
16 should stay discovery until the threshold question of qualified immunity is settled.");
17 *Richey v. Dean*, No. C14-5071 BJR-JRC, 2014 WL 2765733, at *1 (W.D. Wash.
18 June 18, 2014) (same); *cf. Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL
19 3249485, at *2-3 (N.D. Cal. June 14, 2016) (holding that courts have discretion to
20 permit discovery during the pendency of a qualified immunity issue in limited
21 circumstances and collecting cases). Consistent with the weight of the above
22 authority, all discovery should be stayed during the pendency of the qualified
23 immunity motion. Anything less than a full stay would subject the Individual
24 Defendants to unfair prejudice. *See Iqbal*, 556 U.S. at 685 (Noting that "it is no
25 answer . . . to say that discovery for [defendants] can be deferred while pretrial
26 proceedings continue for other defendants" because the case could "develop in a
27 misleading or slanted way that causes prejudice to their position.").

28

**Plaintiff**

Plaintiff reserves his rights to oppose a stay of discovery in the event the Individual Defendants makes such an application to the Court. Further, even if discovery is stayed as to the Individual Defendants, it should continue as to Defendant United States.

Respectfully Submitted,

DATED: September 27, 2021     **ISAACS | FRIEDBERG LLP**

      */s/ Jeffrey B. Isaacs*
Jeffrey B. Isaacs, Esq.
Jerome H. Friedberg, Esq.
William Wargo, Esq.

*Attorneys for Plaintiff Louis Loe*

DATED: September 27, 2021     **TRACY L. WIKISON, ACTING UNITED STATES ATTORNEY,
SCOTT M. GARRINGER, ASSISTANT UNITED STATES CHIEF, CRIMINAL DIVISION**

      */s/ Victor A. Rodgers*
Victor A. Rodgers, Esq.

*Attorneys for Defendants United States of America, Tracy L. Wilkinson and Kristi Koons Johnson, in their official capacities*

DATED: September 27, 2021     BRIAN M. BOYNTON
Acting Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch, Civil Division

493830.6

/s/ *Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
Trial Attorney, Torts Branch, Civil Division
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
(202) 598-3888 (phone)
(202) 616-4314 (fax)
joseph.a.gonzalez@usdoj.gov

Attorneys for Defendants Kristi Koons Johnson, in her individual capacity, and Justin Palmerton, Kathryn E. Bailey Dress, Dezmond Beverly, Jessie Murray, and Lynne K. Zellhart

## ATTESTATION

I, Jeffrey B. Issacs, am the ECF User whose identification and password are being used to file this Stipulation. Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf this filing is being submitted, concur in its content and have authorized the filing.

DATED: September 27, 2021        By:   /s/ *Jeffrey B. Isaacs*
                                              Jeffrey B. Isaacs

**JOINT RULE 26(f) REPORT**

493830.6