1  Jeffrey B. Isaacs (SBN 117104)
   Jerome H. Friedberg (SBN 125663)
2  William Wargo (SBN 189987)
   **ISAACS | FRIEDBERG LLP**
3  555 South Flower Street, Suite 4250
   Los Angeles, California 90071
4  Phone:     (213) 929-5550
   Facsimile:   (213) 955-5794
5  Email:     *jisaacs@ifcounsel.com*
6            *jfriedberg@ifcounsel.com*
              *wwargo@ifcounsel.com*
7
   *Attorneys for Plaintiff Louis Loe*
8

9                **UNITED STATES DISTRICT COURT**
10               **CENTRAL DISTRICT OF CALIFORNIA**
11

12 LOUIS LOE,                          Case No. 2:21-cv-03348-RGK-MAR

13          Plaintiff,                 Hon. R. Gary Klausner
                                       Magistrate Judge Margo A. Rocconi
14    vs.
                                       **PLAINTIFF'S OPPOSITION TO**
15 UNITED STATES OF AMERICA;           **DEFENDANTS' MOTION TO**
   TRACY L. WILKISON; KRISTI           **DISMISS THE SECOND AMENDED**
16 KOONS JOHNSON; JUSTIN               **COMPLAINT FOR LACK OF**
   PALMERTON; KATHRYN E.               **SUBJECT MATTER**
17 BAILEY DRESS; DEZMOND               **JURISDICTION AND FAILURE TO**
   BEVERLY; JESSIE MURRAY;             **STATE A CLAIM**
18 LYNNE K. ZELLHART; and
   DOE UNIDENTIFIED FEDERAL
19 LAW ENFORCEMENT AGENTS              *[Filed concurrently with Plaintiff's*
   1-10,                               *Opposition to Defendant Kristi Koons*
20                                     *Johnson's Motion to Dismiss]*
            Defendants.
21
                                       **Hearing:**
22                                     Date:        October 18, 2021
                                       Time:        9:00 a.m.
23                                     Courtroom:   850
24
                                       Complaint filed:   April 19, 2021
25                                     SAC filed:         August 24, 2021
                                       Trial date:        None set
26

27

28
                                      1
                  **PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
              **MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.    INTRODUCTION ...................................................................................... 6

II.   RELEVANT FACTS ................................................................................. 9

    A.    Relevant Factual Allegations ................................................... 9

        1.    U.S. Private Vaults .......................................................... 9

        2.    Plaintiff is a USPV Box Holder ...................................... 9

        3.    The Government Seizes and Searches All USPV Safe Deposit      Boxes and Their Contents, Including Plaintiff's .................................................................... 10

        4.    The Government's False and Misleading Affidavit. ........ 11

        5.    The Government's Unconstitutional and Invalid Administrative Forfeiture Proceedings. ........................ 12

    B.    Plaintiff's First and Third Causes of Action ......................... 12

        1.    First Cause of Action .................................................... 12

        2.    Third Cause of Action ................................................... 13

        3.    Plaintiff Alleges Federal Question Jurisdiction ............ 13

    C.    The Court's Decision in *Coe* Denying the Government's Motion to Dismiss. ................................................................. 14

III.  LEGAL STANDARD ............................................................................. 15

IV.   ARGUMENT ........................................................................................... 15

    A.    Defendants Arguments for Dismissal of Plaintiff's First Cause of Action For Return of Property Are Without Merit .............................. 15

    B.    Defendants' Motion to Dismiss the Third Cause of Action for Violation of Constitutional Rights Also Lacks Merit. ...................... 17

        1.    Administrative or Judicial Forfeiture Proceedings Do Not Deprive the Court of Jurisdiction Over Constitutional Claims .......................................................................... 17

        2.    Plaintiff Has Alleged an Actual Case or Controversy ............ 18

        3.    Plaintiff's Third Cause of Action Is Not Merely A "Remedy" ...................................................................... 18

        4.    The Court Should Hear Plaintiff's Third Cause of Action ....... 19

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1

V.      CONCLUSION ............................................................................................. 19

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

499175.1

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................. 15

*Baker v. Carr*,
   369 U.S. 186 (1962) ............................................................................ 15

*Bivens v. Six Unknown Named Agents of the Federal Bureau of
   Narcotics*,
   403 U.S. 388 (1971) ......................................................................... 6, 7

*Espinoza v. Harris*,
   Case No. ED CV 13-01124-AB, 2014 WL 12772276
   (C.D. Cal. Nov. 5, 2014) ............................................................... 17, 18

*Owens v. Kaiser Foundations Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001) .............................................................. 20

*In Re Return of Seized Prop. (Jordan)*,
   615 F. Supp. 2d 949 (C.D. Cal. 2009) ................................................ 17

*Seattle v. Audubon Society*,
   80 F.3d 1401 (9th Cir. 1996) .............................................................. 19

*Silvas v. E\*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ............................................................ 15

*Snitko v. United States, et al.*,
   2:21-cv-04405-RGK-MAR, 2021 WL 3139707
   (C.D. Cal. June 22, 2021) .................................................................. 12

*United States of America v. $250,000 in U.S. Currency*,
   2:21-cv-07188-CBM-MRW ............................................................... 12

*United States v. $186,416,00 in U.S. Currency*,
   590 F.3d 942 (9th Cir. 2010) .............................................................. 19

*United States v. Various, Rest. Furniture & Goods of Iranian Origin*,
   No. 15-cv-259, 2016 WL 7496130 (C.D. Cal. Feb. 8, 2016) ............. 19

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

499175.1

*Whisnant v. United States*,
   400 F.3d 1177 (9th Cir. 2005) ................................................................15

**Federal Statutes**

28 U.S.C.
   § 1331 ......................................................................6, 13, 15, 17
   § 2201 ................................................................................13

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ..................................................6, 8, 14, 15

Fed. R. Civ. P. 12(b)(6) ..................................................6, 8, 14, 15

Fed. R. Civ. P. 15(a)(2) ..................................................................20

Fed. R. Crim. P. 41(f) ......................................................................6

Fed. R. Crim. P. 41(g) ................................................................*passim*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

499175.1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Louis Loe ("**Plaintiff**"), through his undersigned counsel, hereby opposes the Motion of Defendants United States of America ("**United States**") and Tracy L. Wilkinson and Kristi Koons Johnson, in their official capacities only (collectively, the "**government**" or "**Defendants**"), to Dismiss the Second Amended Complaint ("**SAC**") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "**Motion**").[1]

## I.   INTRODUCTION

Plaintiff brings this action to seek redress for Defendants' unlawful and unconstitutional seizure, search and retention of Plaintiff's property from a safety deposit box located at U.S. Private Vaults, Inc. ("**USPV**") in Beverly Hills, in clear violation of Plaintiff's Fourth and Fifth Amendment rights.

The SAC is the operative complaint.  In his First Cause of Action, Plaintiff seeks the return of his property pursuant Rule 41(g) of the Federal Rules of Criminal Procedure ("**Rule 41(g)**") and the Court's inherent authority.  In his Second Cause of Action, Plaintiff seeks damages for the violation of his rights under the Fourth and Fifth Amendment of the Constitution pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("***Bivens***").  In his Third Cause of Action, Plaintiff seeks a declaration that Defendants' have violated his Fourth and Fifth Amendment rights.  And in his Fourth Cause of Action, Plaintiff seeks any inventories of his property made by the government pursuant to Rule 41(f) of the Federal Rules of Criminal Procedure ("**Rule 41(f)**").

As the basis for the Court's jurisdiction over all of these causes of action, Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. section 1331, which declares that, "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

In its Motion, the government expressly does not move against Plaintiff's

---

[1] The Motion is Dkt. 56.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1     Second Cause of Action for damages under *Bivens*.[2]  Instead, the government moves

2     against Plaintiff's First, Third and Fourth Causes of Action.

3         Plaintiff's primary argument with respect to the First Cause of Action for

4     return of property is that a pending administrative forfeiture proceeding ("**AFP**")

5     against Plaintiff's property precludes the Court from exercising equitable

6     jurisdiction to hear a Rule 41(g) motion for return of that property.  This argument

7     fails in the first instance because, as the government concedes, the AFP concluded

8     no later than September 15, 2021.  Thus, it can no longer—if it ever did—provide a

9     basis to deprive the Court of its jurisdiction over a Rule 41(g) motion.

10        More recently, on September 8, 2021, after it filed its Motion, the government

11    brought a civil forfeiture action against Plaintiff's property (the "**forfeiture**

12    **action**").  While not forming the basis of the government's motion to dismiss, the

13    government may raise the forfeiture action in its reply or in a renewed motion to

14    dismiss.  But even if the government did so, the forfeiture action would not provide

15    a basis to dismiss the First Cause of Action.

16        The government's motion is based on a faulty premise.  Specifically, the

17    government argues that an administrative or civil forfeiture proceeding directed at a

18    claimant's property deprives the Court of jurisdiction to hear a motion for return of

19    that property pursuant to Rule 41(g).  Here, however, Plaintiff has not brought a

20    motion for return of property either pursuant to Rule 41(g) or the Court's inherent

21    power.  Instead, at this stage, Plaintiff has alleged a cause of action premised on

22    Rule 41(g) and the Court's inherent power to return property, and that the Court has

23    federal question jurisdiction over that cause of action.  If Plaintiff were to make a

24    motion for return of property while the forfeiture action is pending, the government

---

25    [2] Defendant Koons Johnson, in her individual capacity, has moved concurrently to

26    dismiss the *Bivens* claim.  Dkt. 57.  This motion is set for hearing on the same date as this motion, October 18, 2021.  On September 25, 2021, the other individual

27    Defendants named in the SAC also moved to dismiss the *Bivens* claim against them. Dkt. 63.  The hearing date of that motion is November 15, 2021.  Plaintiff has no

28    objection to the Court hearing all three motions on November 15, 2021, if the Court believes that would be more efficient.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

499175.1

1   could presumably, that time, seek a stay of the proceedings or oppose the motion.

2   Indeed, this Court has recognized in a related case that it is premature for the Court

3   to decide whether it has jurisdiction over a motion for return of property prior to

4   having to deciding such a motion. [3]

5        With regard to Plaintiff's Third Cause of Action for declaration that the

6   government has violated Plaintiff's Fourth and Fifth Amendment rights, the

7   government argues that this cause of action fails to state a claim because it is not

8   ripe as the government has not yet concluded the forfeiture proceedings against

9   Plaintiff's property.  Plaintiff's claim, however, most definitely presents a current

10  case and controversy.  Specifically, Plaintiff seeks a declaration that the

11  government's seizure, search and retention of his property violated his Fourth and

12  Fifth Amendment rights.  This claim arose from the government's unconstitutional

13  seizure of Plaintiff's property and would not be cured even if the government

14  returned Plaintiff's property.

15       Indeed, in the related *Coe* case, this Court previously ruled that a Fourth and

16  Fifth Amendment claim arising from the seizure of property of a similarly situated

17  Plaintiff is not identical to a request for return of property under Rule 41(g), and

18  therefore this Court had jurisdiction to hear that claim under the Court's federal

19  question jurisdiction—even if the plaintiff was precluded from bringing a Rule

20  41(g) motion for return of property while an administrative forfeiture action was

21  pending.  *Coe* Order at 4.

22       The government is also incorrect that the Third Cause of Action cannot stand

23  as an independent cause of action.  Contrary to the government's argument, the

24  Third Cause of Action is not a mere claim for relief in the abstract, but instead is

25  based on substantive and detailed allegations that the government violated Plaintiff's

26

27  [3] *See Charles Coe v. United States et al*, 2:21-cv-03109-RGK-MAR, ("*Coe*") Order
Re: Motion to Dismiss For Lack of Subject Matter Jurisdiction and Failure to State a
Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and
28  12(b)(6), dated July 23, 2021 ("Coe Order"), at 4, *Coe* Dkt. 49.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1    constitutional rights, over which this Court undeniably has federal question

2    jurisdiction.  The government also fails to demonstrate that adequate prudential

3    grounds exist for the Court to decline to exercise jurisdiction over Plaintiff's Third

4    Cause of Action.

5         Finally, as the government's forfeiture action demonstrates that the

6    government description of Plaintiff's property is accurate, Plaintiff does not oppose

7    dismissal of his Fourth Cause of Action.

8                        **II.    RELEVANT FACTS.**

9    **A.    Relevant Factual Allegations**

10        ***1.    U.S. Private Vaults.***

11        As described in the SAC, USPV has operated a facility offering private safe

12   deposit boxes for rent to the public at 9182 West Olympic Boulevard in

13   Beverly Hills, California for the past decade.  Dkt. 53, ¶ 28.  There is nothing

14   secretive or inherently illegal about the business:  USPV was a member of the

15   Beverly Hills Chamber of Commerce and advertised by prominent store front

16   signage and on-line through a website that provided detailed information about the

17   services it offered, including videos of customers accessing their safe deposit boxes.

18   *Id*.

19        USPV housed several hundred safe deposit boxes of varying sizes, each

20   secured by its own keys.  *Id*., ¶ 29.  The safe deposit boxes were physically grouped

21   into separate clusters of connected individual safe deposit boxes called "nests."  *Id*.

22   USPV leased these boxes to the public under yearly leases and provided security

23   and insurance for their contents.  *Id*.  Many of USPV's customers lived in the

24   vicinity and used its services because it was conveniently located and/or because

25   local banks did not have safe deposit boxes available for lease.  *Id*.

26        ***2.    Plaintiff is a USPV Box Holder.***

27        Plaintiff leased safe deposit Box No. 2300 at USPV.  *Id*., ¶ 32.  Plaintiff

28   possesses the only two keys to the box and has maintained control over the box

                                          9
                  **PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
               **MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  since commencement of the lease.  *Id.*  Plaintiff was current on his lease payments at

2  the time his box was seized.  *Id.*, ¶ 33.  He has an expectation of privacy in the

3  interior of the box and its contents.  *Id.*  Plaintiff leased a box at USPV for the sake

4  of convenience.  *Id.*, ¶ 34.

5       Plaintiff is not an owner, officer, director, manager, supervisor, employee, or

6  representative of USPV, and is not associated with or a customer of the gold

7  business that is co-located with or adjacent to USPV.  *Id.*, ¶ 35.  He was not aware

8  of any criminal activity occurring at or connected to USPV, and would not have

9  leased a box, or continued to lease a box, at USPV if he had become aware of any

10  such activity.  *Id.*

11       Plaintiff's box contained sealed envelopes holding currency belonging to

12  Plaintiff.  *Id.*, ¶ 36.  The currency is Plaintiff's savings and for emergency purposes;

13  it is not contraband or the proceeds or evidence of illegal activity.  *Id.*

14       **3.    *The Government Seizes and Searches All USPV Safe Deposit***

15           ***Boxes and Their Contents, Including Plaintiff's.***

16       Beginning early in the morning on Monday, March 22, 2021, government

17  agents executed a seizure warrant (the "**seizure warrant**") at USPV.  *Id.*, ¶ 39.  The

18  seizure warrant stated that, "[t]he items to be seized are the following pieces of

19  business equipment," including "the nests of safety deposit boxes and keys,"

20  without any limit or reference to particular safe deposit boxes or descriptions of

21  particular nests.  *Id.*, ¶ 40.  The seizure warrant further stated that:

22       ***This warrant does not authorize a criminal search or seizure of the***

23       ***contents of the safety deposit boxes***.  In seizing the nests of boxes,

24       agents shall follow their written inventory policies to protect their

25       agencies and the contents of the boxes.  Also in accordance with their

26       written policies, agents shall inspect the contents of the boxes in an

27       effort to identify their owners in order to notify them so that they can

28       claim their property.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  *Id.*, ¶ 40 (emphasis added).

2  Once the government had seized USPV, its agents proceeded to break into

3  every safe deposit box at the facility, including Plaintiff's, and emptied each box of

4  its contents.  *Id.*, ¶ 43.  They rifled through and inspected the contents of each box.

5  *Id.*  They continued these inspections of each box even after they discovered

6  information sufficient to identify the box owner.  *Id.*

7  The search of the USPV safe deposit boxes, including that of Plaintiff, was

8  not an inventory search.  *Id.*, ¶ 45.  As the locked safe deposit boxes were

9  impervious to tampering, the government had no cause to conduct an inventory

10  search to prevent loss and accusations of theft by forcibly opening the boxes.  *Id.*

11  ### 4.   *The Government's False and Misleading Affidavit.*

12  On August 5, 2021, the government unsealed in full the Affidavit that it filed

13  to obtain the search and seizure warrants for USPV (a single affidavit was submitted

14  in support of both warrants).  *Id.*, ¶ 75. The Affidavit was relied upon by the

15  Magistrate Judge in issuing the warrants.  *Id.*

16  The Affidavit provided no probable cause whatsoever to seize and search

17  Plaintiff's USPV box.  *Id.*, ¶ 76.  In fact, despite being over 90-pages in length, the

18  Affidavit made no reference to Plaintiff, his USPV box, the contents of his USPV

19  box, or the nest of safe deposit boxes that included his box.  *Id.*  Nor did the

20  Affidavit provide any information whatsoever about any particular box or nests of

21  boxes at USPV.  *Id.*

22  As described in detail in the SAC, the Affidavit was materially false and

23  misleading in several significant respects.  First, it created the false and misleading

24  impression that the government needed to search Plaintiff's box (and that of

25  hundreds of other USPV customers) to be able to inventory Plaintiff's property and

26  return it to him.  In fact, however, it was always the government's plan and intent to

27  use the search as a pretext to criminally investigate Plaintiff (and hundreds of other

28  USPV customers), and to seek to administratively forfeit his property (and that of

11

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

hundreds of other USPV customers) without a legitimate legal or factual basis for doing so. *Id.*, ¶¶ 78-84.

Second, the Affidavit falsely and recklessly asserted that Plaintiff and hundreds of USPV customers are engaged in criminal conduct of a felonious nature, omitting the material fact that USPV's customers include retirees, professionals and other entirely law-abiding citizens who stored their property at UPSV for the sake of convenience and security. *Id.*, ¶¶ 86-95.

**5.    *The Government's Unconstitutional and Invalid Administrative Forfeiture Proceedings.***

On May 20, 2021, the FBI initiated an administrative forfeiture proceeding (the "**AFP**") by issuing a "Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings," which attached a list of assets seized from USPV safe deposit boxes that the government sought to forfeit (together, the "**FBI Notice**"). *Id.*, ¶ 58.

On June 16, 2021, Plaintiff filed a Declaration and Claim with the FBI to avoid having the government declaring his property forfeited without further process. *Id.*, ¶ 67.

On June 22, 2021, in the related case of *Snitko v. United States, et al.*, 2:21-cv-04405-RGK-MAR, 2021 WL 3139707 (C.D. Cal. June 22, 2021) ("***Snitko***"), this Court ruled that the FBI Notice, and the individualized notices of forfeiture the FBI had sent to certain USPV box holders, are deficient and unconstitutional as violating claimants' rights to due process of law. *Id.,* ¶ 69.[4]

**B.    Plaintiff's First and Third Causes of Action**

**1.    *First Cause of Action***

In support of his First Cause of Action, Plaintiff alleges Federal Rule of

---

[4] As noted earlier, subsequent to the filing of the of the government's Motion to Dismiss, the United States filed a "Complaint for Forfeiture" against Plaintiff's property in the Central District of California, *United States of America v. $250,000 in U.S. Currency*, 2:21-cv-07188-CBM-MRW.  This complaint has not yet been served.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Criminal Procedure 41(g) provides that, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . ."  *Id.*, ¶ 129.  Plaintiff also alleges that "the Court has inherent authority to order the return of property unlawfully seized and retained by the government."  *Id.*, ¶ 130.  Additionally, Plaintiff alleges that, "[b]ecause Defendants' conduct as described herein constituted an unlawful seizure of Plaintiff's safe deposit box and its contents, an unlawful search of his box and its contents and an unlawful deprivation of Plaintiff's property without due process, Plaintiff is entitled to the return of his property under Rule 41(g) and as an exercise of the Court's inherent authority."  *Id.*, ¶ 132.

### 2.    *Third Cause of Action*

Plaintiff's Third Cause of Action is based on the allegation that Defendants have violated his Fourth and Fifth Amendment rights.  Specifically, it alleges that, "Plaintiff contends that Defendants have unlawfully seized his property in violation of the Fourth Amendment; have unlawfully searched his property in violation of the Fourth Amendment; and are unlawfully depriving him of the use, benefit and enjoyment of his property without due process in violation of the Fifth Amendment."  *Id.*, ¶ 142.  Plaintiff further alleges that, "Defendants contend that their seizure, search and continued and indefinite detention of Plaintiff's property is constitutional, and therefore Plaintiff is not entitled to relief."  *Id.*, ¶ 143.  On this basis Plaintiff seeks a declaration of his right pursuant to 28 U.S.C. section 2201.

### 3.    *Plaintiff Alleges Federal Question Jurisdiction*

Plaintiff expressly alleges that this "Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331, which provides that, '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States,' and pursuant to Article III of the United States Constitution, in that the United States is a party to this action and the action involves questions of federal constitutional and statutory law."  *Id.*, ¶ 5.

13

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**C.**     **The Court's Decision in *Coe* Denying the Government's Motion to Dismiss.**

In *Coe*, Plaintiff's claim arose from the government's "allegedly unlawful seizure and search of Plaintiff's personal property which was located in safe deposit box number 904 on the premises of [USPV]." *Coe* Order at 1. The plaintiff initially in *Coe* asserted "claims for Return of Property pursuant to Rule 41(g) . . . and for violation of Plaintiff's rights under the Fourth and Fifth Amendment." *Id*.

As here, the government in *Coe* brought a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6). *Id*. This Court denied the government's motion.

The government argued there, just as it does here, that the Court should dismiss the *Coe* plaintiff's claim for return of property because it had initiated an administrative forfeiture proceeding against Plaintiff's property, and that proceeding divested the Court of "equitable jurisdiction over Plaintiff's claim for return of property under Rule 41(g)." *Id*. at 4. In rejecting the government's position, this Court ruled as follows:

> The Government argues that the Court must dismiss this action for lack of subject matter jurisdiction because Plaintiff cannot establish that the Court has equitable jurisdiction over Plaintiff's claim for return of property under Rule 41(g). This argument ignores the fact that Plaintiff asserts a claim for violations of the Fourth and Fifth Amendment, over which it appears the Court has federal question jurisdiction pursuant to 18 U.S.C. § 1331. Because the Government does not challenge this Court's exercise of federal question jurisdiction over Plaintiff's Fourth and Fifth Amendment claim, the Government's Motion is denied as to that claim.

*Id*.

14

1        The Court further held that the government's argument that it lacked equitable

2   jurisdiction over plaintiff's Rule 41(g) claim was "premature," as the Court had not

3   yet considered plaintiff's motion for return of property.  Thus, the Court held that it

4   would decide the issue of jurisdiction when "necessary in resolving Plaintiff's

5   motion for return of property," and not before.  *Id*. [5]

6   ### III.   LEGAL STANDARD

7        On a Rule 12(b)(1) motion to dismiss, the allegations in Plaintiff's complaint

8   are taken as true.  *See Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir.

9   2005).  After construing those allegations, the complaint should be dismissed only

10  if: (1) the claim does not "arise under" federal law or the Constitution; (2) there is

11  no case or controversy; or (3) the cause of action is not described in any

12  jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).

13       Under Rule 12(b)(6), a court takes all well-pleaded allegations as true,

14  construing them "in the light most favorable to the nonmoving party."  *Silvas v.*

15  *E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008).  The court then

16  determines whether those factual allegations and corresponding reasonable

17  inferences "plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556

18  U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads

19  factual content that allows the court to draw the reasonable inference that the

20  defendant is liable for the misconduct alleged."  *Id*. at 678.

21  ### IV.   ARGUMENT

22  **A.   <u>Defendants Arguments for Dismissal of Plaintiff's First Cause of Action</u>**

23  **<u>For Return of Property Are Without Merit.</u>**

24       Plaintiff's first cause of action asserts a claim for return of property under

25  Rule 41(g) and the Court's inherent power, over which the Court has federal

26  question jurisdiction pursuant to 18 U.S.C. § 1331.  Dkt. 53, ¶¶ 5, 129-30.

27

28  [5] The Court also found that Plaintiff had stated causes of action, and allowed
    Plaintiff to proceed, using a pseudonym.  *Id*. at 5, 8.

15

1   Defendants argue that the Court should dismiss this cause of action because the

2   commencement of the AFP supposedly divests the Court of jurisdiction to hear

3   motions pursuant to 41(g).  Dkt. 56 at 6-7.

4          The obvious—and ultimately fatal—flaw of this argument is that, as

5   Defendants admit, the AFP against plaintiff's property terminated on September 15,

6   2021.  Dkt. 56 at 3.  Defendants cite no case for the proposition that a *terminated*

7   AFP can deprive this Court jurisdiction, nor could they.

8          Defendants on reply (or more appropriately in a renewed motion to dismiss,

9   as a reply cannot be used to raise new grounds for dismissal) may argue that

10   although the AFP is terminated, the unserved judicial forfeiture action filed by the

11   United States after Defendants filed their Motion deprives the Court of jurisdiction

12   over Plaintiff's First Cause of action.  As in *Coe*, however, Defendants' motion is

13   premature.  *See Coe* Order at 4.  When and if Plaintiff brings a motion for return of

14   property (which he would premise on the Court's inherent authority as well as

15   Rule 41(g)), the Court at that juncture would determine, based on the then existing

16   status of the judicial forfeiture and other facts, whether to exercise its equitable

17   jurisdiction to hear and decide the motion.

18          At this stage of the proceedings, however, Plaintiff has not made a motion;

19   instead, he has asserted a well-pleaded cause of action over which the Court, as in

20   *Coe*, has federal question jurisdiction.  *Coe* Order at 4.  Thus, the Court should not

21   dismiss the First Cause of Action.[6]

22          The cases cited by Plaintiff all involve instances where courts found that they

23   did not have equitable jurisdiction to allow a Rule 41(g) motion, Dkt. 56 at 7-8, with

24   one exception.  In that case, the court did dismiss a cause of action brought under

25   _____

26   [6] When the Court in *Coe* ultimately decided plaintiff's motion for return of property,
     it determined under the factual circumstances then pertaining that it would not

27   exercise its jurisdiction to order the return of plaintiff's property that was the subject
     of a forfeiture proceeding, but did order the return of the plaintiff's additional

28   property that was not the subject of the forfeiture proceeding.  *Order re: Plaintiff's
     Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g), Coe* Dkt. 54.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

499175.1

1   Rule 41(g) but only after the plaintiff had brought, and the court had denied, a Rule

2   41(g) motion for return of property.  *In Re Return of Seized Prop. (Jordan)*, 615 F.

3   Supp. 2d 949, 955 (C.D. Cal. 2009).

4   **B.    Defendants' Motion to Dismiss the Third Cause of Action for Violation of**

5   **Constitutional Rights Also Lacks Merit.**

6   *1.    Administrative or Judicial Forfeiture Proceedings Do Not Deprive the*

7   *Court of Jurisdiction Over Constitutional Claims*

8       Plaintiff's Third Cause of Action seeks relief based on Defendants' unlawful

9   and unconstitutional seizure, search, and continuing deprivation of Plaintiff's

10  property.  Dkt. 53, ¶¶ 133-144.  As the Court recognized in *Coe*, an administrative

11  or judicial forfeiture proceeding does not divest the Court of jurisdiction over "a

12  claim for violations of the Fourth and Fifth Amendment, over which it appears the

13  Court has federal question jurisdiction pursuant to 18 U.S.C. § 1331."  *Coe* Order

14  at 4.

15      A claim based on violations of constitutional rights is not identical to a claim

16  for return of property, even where the constitutional claim is premised on the

17  unlawful seizure of that property.  *See Espinoza v. Harris*, Case No. ED CV 13-

18  01124-AB, 2014 WL 12772276, at *3 (C.D. Cal. Nov. 5, 2014) (holding that claim

19  for money damages for violation of constitutional rights arising from seizure of

20  currency is not identical to a request for return of the property: "[w]hile perhaps

21  seemingly subtle, this is a distinction with a difference, and Plaintiff's constitutional

22  causes of action are not transformed into a challenge of the forfeiture proceeding

23  simply because Plaintiff alleges economic damages to the tune of $12,000 in lost

24  currency").  Thus, the existence of a forfeiture action against seized property does

25  not deprive this Court of jurisdiction over Plaintiff's constitutional claims premised

26  on the unlawful seizure of that property.  *Id*.  ("Plaintiff's constitutional challenge is

27  entirely separate from a challenge of the forfeiture proceeding").

28      In sum, the existence of an administrative or judicial forfeiture proceeding

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

499175.1

1  does not divest the Court of jurisdiction over Plaintiff's Third Cause of Action for

2  violation of his constitutional rights. Accordingly, the government's motion to

3  dismiss the Third Cause of Action for this reason should be denied.

4    **2.** ***Plaintiff Has Alleged an Actual Case or Controversy***

5     Defendants separately argue that Plaintiff's Third Cause of action should be

6  dismissed because Plaintiff has failed to allege an actual case or controversy.

7  Dkt. 56 at 9-12.  The gravamen of Defendants' argument is that it is entirely

8  hypothetical—whether "the government may or not may not file a judicial forfeiture

9  action and may or may not release the property after the complaint filing deadline

10 expires if no judicial action is filed." *Id*. at 10.

11    Whatever the merits of this argument may have been at the moment it was

12 made, "the complaint filing deadline" has come and gone and the government has

13 still not returned Plaintiff's property.  In fact, it has now filed a judicial forfeiture

14 proceeding.  Thus, there is an actual case and controversy before the Court, first

15 because Defendants continue to hold Plaintiff's property in violation of his Fourth

16 and Fifth Amendment rights; and second, because Plaintiff's entitlement to relief

17 based on the deprivation of his constitutional rights would remain even if his

18 property was returned. *See Espinoza v. Harris*, 2014 WL 12772276, at *3.

19   **3.** ***Plaintiff's Third Cause of Action Is Not Merely A "Remedy"***

20    Defendants argue that because Plaintiff's Third Cause of Action seeks

21 declaratory relief, it is only a "remedy," and not "cause[] of action," and thus should

22 be dismissed.  Dkt. No. 56 at 12.  As the SAC makes clear, however, Plaintiff, is not

23 seeking "declaratory relief" in the abstract.  Instead, he is seeking a declaration of

24 this rights based on substantive underlying constitutional claims.

25    More specifically, the Third Cause of Action is based on Plaintiff's

26 allegations that Defendants violated his Fourth and Fifth Amendment rights.  Dkt.

27 No. 53, ¶¶ 142-143.  Plaintiff alleges that, "Defendants have unlawfully seized his

28 property in violation of the Fourth Amendment; have unlawfully searched his

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

499175.1

property in violation of the Fourth Amendment; and are unlawfully depriving him of the use, benefit and enjoyment of his property without due process in violation of the Fifth Amendment." *Id.*, ¶ 142.  Accordinlgy, there is no disputing that  the Third Cause of Action for violation of Plaintiff's constitutional rights present a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Seattle v. Audubon Society*, 80 F.3d 1401, 1405 (9th Cir. 1996).

In short, Plaintiff has properly stated a cause of action for declaratory relief based on the violation of his constitutional rights.

### 4.  *The Court Should Hear Plaintiff's Third Cause of Action*

Defendants argue that the Court should exercise its discretion to dismiss Plaintiff's Third Cause of Action on the ground that Plaintiff can raise any Fourth and Fifth Amendment violations in any civil forfeiture action the government files. Dkt. 56 at 15.  But as the cases Defendants cite, Dkt. 56, at 15, demonstrate, the forfeiture court would consider constitutional issues in the context of a motion to suppress evidence. *See e.g., United States v. $186,416,00 in U.S. Currency*, 590 F.3d 942, 950 (9th Cir. 2010).  Thus, the most a forfeiture court could order is that Plaintiff's property be returned to him.  It could not issue a declaration that Plaintiff's Fourth and Fifth Amendment rights have been violated as a form of relief. Indeed, there is no basis for Plaintiff to bring a counterclaim seeking such relief in a forfeiture action.  *See United States v. Various, Rest. Furniture & Goods of Iranian Origin*, No. 15-cv-259, 2016 WL 7496130, at *2 (C.D. Cal. Feb. 8, 2016) (holding that counterclaims cannot be brought in civil forfeiture action).

Because Plaintiff is seeking relief not available in a forfeiture proceeding, the Court should exercise its jurisdiction to hear Plaintiff's Third Cause of Action for declaratory relief based on the clear cut violation his constitutional rights.

### V.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to

19

1  Dismiss as to Plaintiff's First and Third Causes of Action. If the Court is inclined to

2  grant the Motion, however, Plaintiff requests leave to file an amended complaint.

3  *See* Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Foundations Health Plan, Inc.,* 244

4  F.3d 708, 712 (9th Cir. 2001).

5                                    Respectfully submitted,

6  DATED: September 27, 2021      **ISAACS | FRIEDBERG LLP**

7

8

9

10  _____
    Jeffrey B. Isaacs, Esq.
11  William A. Wargo, Esq.

    *Attorneys for Plaintiff Louis Loe*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

499175.1