Jeffrey B. Isaacs (SBN 117104)
Jerome H. Friedberg (SBN 125663)
William Wargo (SBN 189987)
**ISAACS | FRIEDBERG LLP**
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Phone:     (213) 929-5550
Facsimile: (213) 955-5794
Email:     *jisaacs@ifcounsel.com*
           *jfriedberg@ifcounsel.com*
           *wwargo@ifcounsel.com*

*Attorneys for Plaintiff Louis Loe*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LOE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA; TRACY L. WILKISON; KRISTI KOONS JOHNSON; JUSTIN PALMERTON; KATHRYN E. BAILEY DRESS; DEZMOND BEVERLY; JESSIE MURRAY; LYNNE K. ZELLHART; and DOE UNIDENTIFIED FEDERAL LAW ENFORCEMENT AGENTS 1-10,<br><br>　　　　　Defendants. | Case No. 2:21-cv-03348-RGK-MAR<br><br>Hon. R. Gary Klausner<br>Magistrate Judge Margo A. Rocconi<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANT KRISTI KOONS JOHNSON**<br><br>*[Filed concurrently with Plaintiff's Opposition to Defendants' Motion to Dismiss the Second Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim]*<br><br>**Hearing:**<br>Date:　　　　　October 18, 2021<br>Time:　　　　　9:00 a.m.<br>Courtroom:　　850<br><br>Complaint filed:　April 19, 2021<br>SAC filed:　　　August 24, 2021<br>Trial date:　　　None set |

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

498901.2

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................... 6

II. RELEVANT FACTS................................................................................ 8

    A.  U.S. Private Vaults............................................................................ 8

    B.  Plaintiff is a USPV Box Holder....................................................... 9

    C.  The Government Seizes and Searches All USPV Safe Deposit Boxes...... 9

    D.  The Government's False and Misleading Affidavit. .................................. 10

    E.  Koons Johnson's Personal Involvement in the Violation of Plaintiff's Constitutional Rights. ...................................................................... 11

    F.  The Administrative Forfeiture Proceeding. ................................... 11

III. ARGUMENT. ........................................................................................ 12

    A.  Legal Standard................................................................................ 12

    B.  Plaintiff Has Adequately Pled a *Bivens* Claim.............................. 12

        1.  This Action Does Not Arise in a New Context. ............................. 13

        2.  "Special Factors" Do Not Counsel Against a *Bivens* Remedy.............................................................................. 18

    C.  Qualified Immunity Does Not Shield Defendant. ......................... 20

        1.  The Court Must Evaluate Claims of Qualified Immunity with Particular Care on Motion to Dismiss Pursuant to Rule 12(b)(6). ........................................................................ 21

        2.  Koons Johnson Violated Plaintiff's Fourth Amendment Rights. ......................................................................... 22

        3.  Defendant Violated Clearly Established Constitutional Rights. ......................................................................... 23

IV. CONCLUSION. .................................................................................... 25

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

498901.2

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Humanist Ass'n v. United States*,
   63 F. Supp. 3d 1274 (D. Or. 2014) ................................................................. 22

*Amon v. Cochise Cnty*,
   442 F. App'x 286 (9th Cir. 2011) ................................................................... 23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................... 12, 16

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
   403 U.S. 388 (1971) ....................................................................... *passim*

*Brunoehler v. Tarwater*,
   743 F. App'x 740 (9th Cir. 2018) ................................................................... 14

*Carlson v. Green*,
   446 U.S. 14 (1980) ................................................................................. 15, 21

*Castellanos v. United States*,
   438 F. Supp. 3d 1120 (S.D. Cal. 2020) ......................................................... 14

*Chappell v. Mandeville*,
   706 F.3d 1052 (9th Cir. 2013) ....................................................................... 22

*Chavez v. United States*,
   683 F.3d 1102 (9th Cir. 2012) ................................................................. 14, 15

*Chin v. Bowen*,
   833 F.2d 21 (2d Cir. 1987) ............................................................................ 16

*Davis v. Passman*,
   442 U.S. 228 (1979) ......................................................................... 14, 15, 21

*Espinoza v. Harris*,
   Case No. ED CV 13-01124-AB, 2014 WL 12772276
   (C.D. Cal. Nov. 5, 2014) ............................................................................... 19

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

498901.2

*Florida v. Wells*,
   495 U.S. 1 (1990) ...................................................................................... 23

*Franks v. Delaware*,
   438 U.S. 154 (1984) .................................................................................. 23

*Gete v. I.N.S.*,
   21 F.3d 1285 (9th Cir. 1997) .................................................................... 24

*Groh v. Ramirez*,
   540 U.S. 551 (2004) ...................................................................... 16, 17, 20

*Groten v. California*,
   251 F.3d 844 (9th Cir. 2001) .................................................................... 22

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) .................................................................................. 21

*Hernandez v. Mesa*,
   140 S. Ct. 735 (2020) ................................................................................ 13

*Ioane v. Hodges*,
   939 F.3d 945 (9th Cir. 2018) ............................................................... 13, 14

*Keates v. Koile*,
   883 F.3d 1228 (9th Cir. 2018) .................................................................. 22

*Lanuza v. Love*,
   899 F.3d 1019 (9th Cir. 2018) ................................................. 13, 15, 18, 20

*Loumiet v. United States*,
   948 F.3d 376 (D.C. Cir. 2020) ................................................................. 15

*Minneci v. Pollard*,
   565 U.S. 118 (2012) .................................................................................. 18

*Owens v. Kaiser Foundations Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001) .................................................................... 25

*Pelletier v. Fed. Home Loan Bank of S.F.*,
   968 F.2d 865 (9th Cir. 1992) .................................................................... 22

*Prado v. Perez*,
   451 F. Supp. 3d 306 (S.D.N.Y. 2020) ...................................................... 14

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*Saucier v. Katz,*
   533 U.S. 194 (2001) .................................................................. 21

*Silvas v. E\*Trade Mortg. Corp.,*
   514 F.3d 1001 (9th Cir. 2008) ................................................... 12

*Snitko v. United States, et al.,*
   2:21-cv-04405-RGK-MAR, 2021 WL 3139707
   (C.D. Cal. June 22, 2021) ................................................... 12, 25

*Starr v. Baca,*
   652 F.3d 1202 (9th Cir. 2011) ............................................. 16, 22

*Taylor v. List,*
   880 F.2d 1040 (9th Cir. 1989) ................................................... 16

*United States v. Feldman,*
   788 F.2d 544 (9th Cir. 1986) ..................................................... 24

*United States v. SDI Future Health, Inc.,*
   568 F.3d 684 (9th Cir. 2009) ..................................................... 23

*Whren v. United States,*
   517 U.S. 806 (1996) .................................................................. 24

*Wong v. United States,*
   373 F.3d 952 (9th Cir. 2004) ..................................................... 22

*Ziglar v. Abbasi,*
   137 S. Ct. 1843 (2017) ...................................................... 12, 13, 14

**Federal Statutes**

18 U.S.C.
   § 983 .......................................................................................... 19

42 U.S.C.
   § 1983 ........................................................................................ 16

**Other Authorities**

Fed. R. Civ. P. 15 ........................................................................... 25

Fed. R. Crim. P. 41 ................................................................... 17, 18

5

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Louis Loe ("**Plaintiff**") hereby opposes the Motion of Defendant Kristi Koons Johnson ("**Defendant**" or "**Koons Johnson**"), in her individual capacity only, to Dismiss (the "**Motion**") the Second Amended Complaint ("**SAC**").[1]

## I.    INTRODUCTION

Plaintiff brings this action against Koons Johnson, and the other named Defendants (collectively "**Defendants**"), seeking redress for Defendants' unlawful and unconstitutional seizure, search and retention of Plaintiff's property in violation of Plaintiff's Fourth and Fifth Amendment rights.  Specifically, against Koons Johnson, in her individual capacity, Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in which the Supreme Court held that, "violation of [the Fourth Amendment's] command by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct," *id*. at 389, and that a plaintiff "is entitled to recover money damages for any injuries he has suffered as a result of the agent's violation of the Amendment." *Id*. at 397.

Plaintiff stored valuable personal property in safe deposit Box No. 2300, that he leased at U.S. Private Vault, Inc. ("**USPV**") in Beverly Hills, California, none of which is contraband or otherwise connected to criminal activity.  On or about March 22, 2021, Defendants unlawfully seized, broke open and then searched Plaintiff's safe deposit box and its contents, in violation of his Fourth Amendment rights.  Thereafter, Defendants unlawfully deprived Plaintiff of the use, benefit and enjoyment of his property, and are continuing to deprive him the use, benefit and enjoyment of his property, in violation of

---

[1] Defendant in her official capacity, along with Defendants United States and Tracy L. Wilkinson have moved concurrently to dismiss Plaintiff's First, Third and Fourth Causes of Action.  Dkt. no. 57.  This motion is set for hearing on the same date as the Motion, October 18, 2021.  On September 25, 2021, the other individual Defendants named in the SAC also moved to dismiss the *Bivens* claim against them. Dkt. 63.  That motion is set for hearing on November 15, 2021.  Plaintiff has no object to hearing all three of Defendants' pending motions on November 15, if the Court believes that would be more efficient.

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

498901.2

1  his Fourth and Fifth Amendment rights.

2      Koons Johnson is the head of the FBI's Los Angeles field office.  Because the

3  search and seizure of USPV was a large-scale operation, which involved dozens of FBI

4  and other federal law enforcement agents, Koons Johnson knowingly participated in,

5  approved and ratified the operational plan for the seizure of the USPV safe deposit

6  boxes, including the decision to seize and break open all of the UPSV boxes, including

7  Plaintiff's, and rifle through their contents, despite the complete absence of probable

8  cause to do so.

9      Koons Johnson moves to dismiss based on two arguments.  First, she argues that

10  Plaintiff's *Bivens* claim is not cognizable because it is "new" and "is different in a

11  meaningful way" from previous *Bivens* cases decided by the Supreme Court, and that

12  "special factors" counsel against allowing Plaintiff to proceed with a supposedly novel

13  *Bivens* claim.  Second, she argues that she is entitled to qualified immunity because she

14  is supposedly merely a "supervisor" and because this case presents "unique

15  circumstances."  The Court should reject both arguments.

16      Construing all allegations and reasonable inferences in Plaintiffs' favor, Plaintiff is

17  entitled to damages because his *Bivens* claim does not arise in a "new context," given

18  that constitutional claims for unlawful seizures have long been cognizable under *Bivens*.

19  Indeed, a claim based on a seizure that violated the Fourth Amendment is at the very core

20  of *Bivens*, which itself arose from a claim of an unconstitutional search and seizure.

21  Defendant is simply wrong to contend that her high rank, the nature of Plaintiff's injury,

22  or that the search at issue involved a warrant somehow place this action outside the scope

23  of *Bivens*.  As discussed below, *Bivens* claims have been sustained against high-ranking

24  law enforcement officials; a *Bivens* claim can be premised on the seizure and search of

25  property only; and a *Bivens* claim lies when the alleged unlawful search was made

26  pursuant to a warrant.

27      Additionally, Defendant's assertion that the present case is distinguishable from

28  *Bivens* because *Bivens* involved a warrantless search, whereas the search of Plaintiff's

7

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

USPV box was made pursuant to a warrant, is contradicted by Defendant herself.  In moving to dismiss Plaintiff's Fourth Cause of Action for an Order Disclosing Inventory (in a separate motion filed concurrently with Defendant's Motion), Defendants, including Koons Johnson, expressly argue that the search of Plaintiff's safe deposit box was a *warrantless* inventory search.[2]  Defendant should not be heard to argue that the instant search was made pursuant to a warrant in one brief, only to argue in another that the search was warrantless.

As regards Defendant's second argument, Defendant fails to show that she is entitled to qualified immunity because all of the constitutional rights Defendant violated were clearly established.  Any reasonable law enforcement official would have understood that Defendants' actions violated Plaintiff's constitutional rights against the seizure, search and retention of his property without probable cause, based on a false and misleading affidavit, and as part of a pretextual inventory search.  Further, Plaintiff does not allege that Defendant is liable merely because she was a "supervisor."  To the contrary, Plaintiff has expressly alleged that Koons Johnson was personally involved in the violations of his constitutional rights.

Accordingly, the Motion to Dismiss should be denied.

## II.    RELEVANT FACTS.

### A.    U.S. Private Vaults.

As described in the SAC, USPV has operated a facility offering private safe deposit boxes for rent to the public at 9182 West Olympic Boulevard in Beverly Hills, California for the past decade. Dkt. 53, ¶ 28.  There is nothing secretive or inherently illegal about the business:  USPV was a member of the Beverly Hills Chamber of Commerce and advertised by prominent store front signage and on-line through a website that provided detailed information about the services it offered, including videos

---

[2] *See* Defendants' Notice of Motion and Motion to Dismiss the Second Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State A Claim Upon Which Relief Can Be Granted [Dkt. No. 56] ("**Defendants' Motion**"), at 23 ("At the time the nests of safety deposit boxes were seized, there were no warrants for any individual safety deposit boxes").

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1   of customers accessing their deposit boxes.  *Id.*

2         USPV housed several hundred safe deposit boxes of varying sizes, each secured

3   by its own keys.  *Id.*, ¶ 29.  The safe deposit boxes were physically grouped into separate

4   clusters of connected individual safe deposit boxes called "nests."  *Id.*  USPV leased

5   these boxes to the public under yearly leases and provided security and insurance for

6   their contents.  *Id.*  Many of USPV's customers lived in the vicinity and used its services

7   because it was conveniently located and/or because local banks did not have safe deposit

8   boxes available for lease.  *Id.*

9   **B.     Plaintiff is a USPV Box Holder.**

10        Plaintiff leased safe deposit Box No. 2300 at USPV.  *Id.*, ¶ 32.  Plaintiff possesses

11  the only two keys to the box and has maintained control over the box since

12  commencement of the lease.  *Id.*  Plaintiff was current on his lease payments at the time

13  his box was seized.  *Id.*, ¶ 33.  He has an expectation of privacy of the interior of the box

14  and its contents.  *Id.*  Plaintiff leased a box at USPV for the sake of convenience.  *Id.*, ¶

15  34.

16        Plaintiff is not an owner, officer, director, manager, supervisor, employee, or

17  representative of USPV, and is not associated with or a customer of the gold business

18  that is co-located with or adjacent to USPV.  *Id.*, ¶ 35.  He was not aware of any criminal

19  activity occurring at or connected to USPV, and would not have leased a box, or

20  continued to lease a box, at USPV if he had become aware of any such activity.  *Id.*

21        Plaintiff's box contained sealed envelopes holding currency belonging to Plaintiff.

22  *Id.*, ¶ 36.  The currency is Plaintiff's savings and for emergency purposes; it is not

23  contraband or the proceeds or evidence of illegal activity.  *Id.*

24  **C.     The Government Seizes and Searches All USPV Safe Deposit Boxes.**

25        Beginning early in the morning on Monday, March 22, 2021, government agents

26  executed a seizure warrant (the "**seizure warrant**") at USPV.  *Id.*, ¶ 39.  The seizure

27  warrant stated that, "[t]he items to be seized are the following pieces of business

28  equipment," including "the nests of safety deposit boxes and keys," without any limit or

9

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

reference to particular safe deposit boxes or descriptions of particular nests. *Id.*, ¶ 40.
The seizure warrant further stated that:

> ***This warrant does not authorize a criminal search or seizure of the
> contents of the safety deposit boxes***.  In seizing the nests of boxes,
> agents shall follow their written inventory policies to protect their
> agencies and the contents of the boxes.

*Id.*, ¶ 40 (emphasis added).

Once the government had seized USPV, its agents proceeded to break into every safe deposit box at the facility, including Plaintiff's, and emptied each box of its contents. *Id.*, ¶ 43.  They rifled through and inspected the contents of each box.  *Id.*  They continued these inspections for each box even after they discovered information sufficient to identify the box owner.  *Id.*

The search of the USPV safe deposit boxes, including that of Plaintiff's, was not an inventory search.  *Id.*, ¶ 45.  As the locked safe deposit boxes were impervious to tampering, the government had no cause to conduct an inventory search to prevent loss and accusations of theft by forcibly opening the boxes.  *Id.*

**D.    The Government's False and Misleading Affidavit.**

On or about August 5, 2021, the government unsealed in full the Affidavit that it has filed to obtain the search and seizure warrants for USPV (a single affidavit was submitted in support of both warrants). *Id.*, ¶ 75.  The Affidavit was relied upon by the Magistrate Judge in issuing the warrants.  *Id.*

The Affidavit provided no probable cause whatsoever to seize and search Plaintiff's USPV box.  *Id.*, ¶ 76.  In fact, despite being over 90-pages in length, the Affidavit made no reference to Plaintiff, his USPV box, the contents of his USPV box, or the nest of safe deposit boxes that included his box.  *Id.*  Nor did the Affidavit provide any information whatsoever about any particular box or nests of boxes at USPV.  *Id.*

The Affidavit was materially false and misleading in several significant respects. First, it created the false and misleading impression that the government needed to search

10

1   Plaintiff's box (and that of hundreds of other USPV customers) to be able to inventory

2   Plaintiff's property and return it to him.  In fact, however, it was always the

3   government's plan and intent to use the search as a pretext to criminally investigate

4   Plaintiff (and hundreds of other USPV customers), and to seek to administratively forfeit

5   his property (and that of hundreds of other USPV customers) without a legitimate legal

6   or factual basis for doing so.  *Id.*, ¶¶ 78-84.

7          Second, the Affidavit falsely and recklessly asserted that Plaintiff and hundreds of

8   USPV customers are engaged in criminal conduct of a felonious nature, omitting the

9   material fact that USPV's customers include retirees, professionals and other entirely

10  law-abiding citizens who stored their property at UPSV for the sake of convenience and

11  security.  *Id.*, ¶¶ 86-95.

12  **E.    Koons Johnson's Personal Involvement in the Violation of Plaintiff's**

13       **Constitutional Rights.**

14         Koons Johnson is, and at all relevant times was, the Assistant Director in Charge

15  of the FBI's Los Angeles Field Office (the "**Assistant Director**").  *Id.*, ¶ 21.  The

16  Assistant Director has authority over the policies and procedures implemented by, and

17  the actions of, FBI agents assigned to the Los Angeles Field Office.  *Id.*

18         The search and seizure of USPV was a large-scale operation, involving dozens of

19  federal law enforcement agents.  *Id.*  Such a significant mobilization of federal law

20  enforcement agents, including FBI agents, in the Los Angeles metropolitan area could

21  only have occurred with Koons Johnson's knowing participation in, approval and

22  ratification of the operational plan for the seizure of the USPV safe deposit boxes

23  including the decision to seize and break open all of the USPV boxes, and rifle through

24  their contents, despite the complete absence of probable cause to do so.  *Id.*

25  **F.    The Administrative Forfeiture Proceeding.**

26         On May 20, 2021, the FBI initiated an administrative forfeiture proceeding (the

27  "**AFP**") by issuing a "Notice of Seizure of Property and Initiation of Administrative

28  Forfeiture Proceedings," which attached a list of assets seized from USPV safe deposit

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

boxes that the government sought to forfeit (together, the "**FBI Notice**"). *Id*., ¶ 58. The FBI Notice included a description of the contents of Plaintiff's box. *Id*., ¶ 60. To avoid having his property declared forfeited without further process, Plaintiff filed a claim in the AFP on June 16, 2021. *Id*., ¶ 67.

On June 22, 2021, in the related case of *Snitko v. United States, et al.*, 2:21-cv-04405-RGK-MAR, 2021 WL 3139707 (C.D. Cal. June 22, 2021) ("***Snitko***"), this Court ruled that the FBI Notice, and the individualized notices of forfeiture the FBI had sent to certain USPV box holders, are deficient and unconstitutional as violating claimants' rights to due process of law. *Id.,* ¶ 69.[3]

### III.   ARGUMENT.

#### A.   Legal Standard.

On a motion to dismiss, the Court takes all well-pleaded allegations as true, construing them "in the light most favorable to the nonmoving party." *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008). The court determines whether those factual allegations and corresponding reasonable inferences "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

#### B.   Plaintiff Has Adequately Pled a *Bivens* Claim.

A *Bivens* claim is an implied right of action for damages against a government official alleged to have violated an individual's constitutional rights. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). *Bivens* itself concerned a violation of the Fourth Amendment by federal officers. In *Bivens*, the Supreme Court held that it was "hardly . . . a surprising proposition" that a plaintiff who was arrested and whose property was searched without probable cause by agents of the Federal Bureau of Narcotics, acting

---

[3] Subsequent to the filing of Defendant's Motion to Dismiss, the United States filed a "Complaint for Forfeiture" against Plaintiff's property in the Central District of California, *United States of America v. $250,000 in U.S. Currency*, 2:21-cv-07188-CBM-MRW. This complaint has not yet been served.

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

498901.2

1   under a claim of federal authority, was entitled to recover damages for violation of his

2   Fourth Amendment rights.  *Id.* at 389, 395.  Plaintiff has pleaded specific facts to state

3   such a claim here.

4        In her Motion, Defendant challenges whether a *Bivens* remedy is available for the

5   alleged violation of Plaintiff's constitutional rights.  The Supreme Court requires a "two-

6   step inquiry" for determining whether a *Bivens* remedy is available.  *Hernandez v. Mesa,*

7   140 S. Ct. 735, 743 (2020).  The Court "first inquire[s] whether the request involves a

8   claim that arises in a 'new context' or involves a 'new category of defendant.'"  *Id.*

9   (quoting *Correctional Services Corp.* v. *Malesko*, 534 U.S. 61, 68 (2001)).  If the answer

10  to this question is no, then a *Bivens* remedy is available.  *See Abbasi,* 137 S. Ct. at 1859-

11  60; *Ioane v. Hodges*, 939 F.3d 945, 951-52 (9th Cir. 2018).  If the answer is yes, then the

12  court must determine whether "special factors counsel hesitation" absent affirmative

13  action by Congress.  *Id.* at 1860.  If "special factors" do not counsel hesitation, then a

14  *Bivens* remedy is available; if they do, then the remedy is not available.  *Id.*; *see*

15  *generally Lanuza v. Love*, 899 F.3d 1019, 1023-24 (9th Cir. 2018) (outlining Supreme

16  Court's test).

17       The Fourth and Fifth Amendment violations Plaintiff alleges do not present a new

18  context.  To the contrary they fall decidedly within the core of *Bivens*.  And even if they

19  did not, a *Bivens* remedy is still available unless (1) an alternative remedy can adequately

20  address plaintiffs' injuries and claims, and (2) other "special factors" counsel against

21  providing the remedy.  *Id.* at 1860.  As discussed below, no other remedy will adequately

22  compensate Plaintiff for the violation of his constitutional rights, and none of the other

23  so-called "special factors" Defendant seeks to assert counsel against applying *Bivens*

24  here.

25       **1.    *This Action Does Not Arise in a New Context.***

26       Plaintiff's claims fall within the core of *Bivens*.  403 U.S. at 395; *see Abbasi*, 137

27  S. Ct. at 1856 (recognizing "continued force" and "necessity" of *Bivens* "in the search-

28  and-seizure context in which it arose").  To arise in a "new context," the claim must be

13

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1    "meaningful[ly]" different from prior *Bivens* cases.  *See Abbasi*, 137 S. Ct. at 1859.  The

2    Supreme Court "does not require . . . perfect factual symmetry."  *Brunoehler v.*

3    *Tarwater*, 743 F. App'x 740, 744 (9th Cir. 2018); *Abbasi*, 137 S. Ct. at 1865 ("[T]rivial"

4    differences "will not suffice.").  While all claims contain differences, not all differences

5    are "meaningful" in this context.  *See Castellanos v. United States*, 438 F. Supp. 3d 1120,

6    1129 (S.D. Cal. 2020) (asking if case "fundamentally differ[s]" from prior *Bivens* cases);

7    *Prado v. Perez*, 451 F. Supp. 3d 306, 315 (S.D.N.Y. 2020) (declining to find new context

8    in case involving arrest and search by ICE officer).

9            The constitutional rights at issue here—protections long afforded by the Fourth

10   and Fifth Amendments—are the same rights protected by *Bivens* and other Supreme

11   Court decisions.  *See Bivens*, 403 U.S. at 397 ("Having concluded that petitioner's

12   complaint states a cause of action under the Fourth Amendment . . . we hold that

13   petitioner is entitled to recover money damages for any injuries he has suffered as a result

14   of the agents' violation of the Amendment"); *Davis v. Passman*, 442 U.S. 228, 245, 249

15   (1979) (damages remedy under *Bivens* allowed for violation of Fifth Amendment due

16   process right).  Indeed, *Bivens* itself recognized a damages remedy for an

17   unconstitutional search or seizure under the Fourth Amendment, the very claim that

18   Plaintiff brings here.  Notably, following *Bivens*, numerous courts, including in the Ninth

19   Circuit, have sustained damages actions for Fourth Amendment violations.  *See*, *e.g.*,

20   *Brunoehler*, 743 F. App'x at 744 (permitting claim for search and seizure arising from

21   purported securities violations); *Ioane*, 939 F.3d at 952 (sustaining *Bivens* claim against

22   IRS agent for Fourth Amendment violation); *Chavez v. United States*, 683 F.3d 1102,

23   1111-12 (9th Cir. 2012) (permitting claim against Border Patrol supervisor for unlawful

24   traffic stops).

25           Defendant argues that there are four "meaningful" differences between Plaintiff's

26   claims and *Bivens*:  (1) Defendant's rank; (2) the nature of Defendant's involvement in

27   the alleged constitutional violations at issue; (3) the type of injury; and (4) that the search

28   and seizure of Plaintiff's property was not "warrantless."  Dkt. 57 at 5-7.  These

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1   supposed differences, however, are meaningless as a matter of law, and do not place

2   Plaintiff's claim outside the scope of *Bivens*.

3       **Defendant's Rank**.  *Bivens* remedies have been permitted against high-level

4   officials, not merely "line-level officers."  *See Davis*, 442 U.S at 230 (*Bivens* claim

5   allowed against Unites States Congressman); *Carlson v. Green*, 446 U.S. 14, 16 (1980)

6   (*Bivens* claim permitted against Director of Federal Prisons); *Lanuza v. Love*, 899 F.3d

7   1019, 1021 (9th Cir. 2018) (*Bivens* claim allowed against Assistant Chief Counsel of

8   ICE); *Chavez*, 683 F.3d 1111-12 (*Bivens* claim allowed against Border Patrol

9   supervisor).

10       Undeterred, Defendant relies upon the decision of the D.C. Circuit in *Loumiet v.*

11   *United States*, 948 F.3d 376 (D.C. Cir. 2020), to argue that she is "an entirely new

12   category of defendant" than the kind of defendants against whom a *Bivens* claim is

13   allowable.  Dkt. 57 at 5.  The defendants in that case, however, were not law enforcement

14   officers; rather, they were officials in the Office of the Comptroller of the Currency

15   ("**OCC**") who were sued for their activities in a civil enforcement action against an

16   attorney, a context quite different from that of a traditional law enforcement officer such

17   as Koons Johnson.  *Loumiet*, 948 F.3d at 378, 382.  Plainly, Defendant is much more

18   akin to the defendants in *Bivens*, *Carlson*, *Lanuza*, and *Chavez* than she is to an OCC

19   official acting in a civil enforcement action.

20       **Defendant's Involvement**.  Defendant is incorrect to argue that she is

21   meaningfully different from the defendants in *Bivens* because, according to her, Plaintiff

22   does not "allege any direct boots-on-the-ground personal involvement by [her]," which

23   she contends is a necessary component of any *Bivens* claim.  Dkt. 57 at 6.  To the

24   contrary, Plaintiff alleges that Koons Johnson was more than passively involved in the

25   constitutional violations at issue.

26       Under *Bivens*, "a plaintiff must plead that each government-official defendant,

27   through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556

28   U.S. at 676.  Although there is no respondeat superior liability for constitutional

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  violations, a supervisor may be liable "if the supervisor participated in or directed the

2  violations, or knew of the violations [of subordinates] and failed to act to prevent them."

3  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "'The requisite causal connection

4  can be established . . . by setting in motion a series of acts by others,' or by 'knowingly

5  refus[ing] to terminate a series of acts by others, which [the supervisor] knew or

6  reasonably should have known would cause others to inflict a constitutional injury.'"

7  *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (citations omitted; brackets in

8  original).[4]

9       Here, Plaintiff alleges that Koons Johnson's involvement included "knowing

10  participation in, and/or approval or ratification of the operational plan for the seizure of

11  the USPV safe deposit boxes, and [to] rifle through their contents, despite the complete

12  absence of probable cause to do so."  Dkt. 53, ¶ 21.  Defendant characterizes these

13  allegations as "factually hollow," but cites no case law for the proposition that they are

14  insufficient to state a cause of action at the pleading stage.  Dkt. 57 at 6.  Nor is there any;

15  Plaintiff's allegations fully satisfy the requirement that he plead that Koons Johnson

16  "participated in or directed the violations," or "set[ ] in motion a series of acts by others,"

17  despite knowing they would inflict a constitutional injury.  *Taylor*, 880 F.2d at 1045;

18  *Starr*, 652 F.3d at 1207-8.

19       **Plaintiff's Injury**.  Defendant wrongly argues that this case is meaningfully

20  different from *Bivens* because Plaintiff himself was not "personally seized or arrested."

21  Dkt. 57 at 6.  It is well settled that *Bivens* claims for Fourth Amendment violations are

22  not limited to such cases, and thus it is unsurprising that Defendant can cite no case to the

23  contrary.  In *Groh v. Ramirez*, 540 U.S. 551, 553-563 (2004), for example, the Supreme

24  Court allowed a *Bivens* claim where the plaintiff's property had been searched pursuant

25  to an invalid search warrant.  There was no allegation that the plaintiff in *Groh* had been

26  personally seized.  *Id.* at 555.  Indeed, the plaintiff was not even personally present when

27  ─────────────────────────
[4] Both *Taylor* and *Starr* are 42 U.S.C. section 1983 cases, but as a general matter
28  case law under section 1983 involving constitutional violations by state actors
applies to *Bivens* suits.  *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987).

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

the search at issue in that case occurred.  *Id*.  The Supreme Court sustained the *Bivens* claim, finding that the search violated the Fourth Amendment.  *Id*.

**Seizure and Search Pursuant to Warrant**.  Lastly, there is no merit to Defendant's contention that this case falls outside the scope of *Bivens* because it involves a seizure and search pursuant to a warrant, whereas the search in *Bivens* was warrantless. Dkt. 57 at 6.  The Supreme Court's decision in *Groh* makes plain that *Bivens* applies to unlawful searches, whether pursuant to a warrant or not.  In *Groh*, the plaintiff was allowed to proceed with a *Bivens* claim premised on the allegation that the search of his house was conducted pursuant to an invalid warrant.  540 U.S. at 556-57.

Here, Plaintiff has expressly alleged that the USPV search and seizure warrants were invalid because they were based on a materially false and misleading Affidavit. Dkt. 53, ¶¶ 75-95.

Moreover, Defendant herself has taken the position that the specific search of Plaintiff's USPV box was *not* pursuant to a warrant.  In Defendants' Motion to Dismiss, filed concurrently with this Motion, Koons Johnson and the other Defendants have moved to dismiss Plaintiff's Fourth Cause of Action—which seeks an inventory of the property taken from Plaintiff's USPV box pursuant to Federal Rule of Criminal Procedure Rule 41(f) ("**Rule 41(f)**")—on the ground that Rule 41(f) only applies when a search has been made pursuant to a warrant.  Dkt. 56 at 13.  Defendants then argue that Rule 41(f) does not apply to search of Plaintiff's box because it was not pursuant to a warrant, stating that, "[a]t the time nests of safety deposit boxes were seized, there were no warrants for any individual safety boxes, and so no requirement under Fed. R. Crim. P. 41 that any 'inventory' for them be produced or served.'"  *Id*.  According to Koons Johnson and the other Defendants, therefore, because Plaintiff's box was not searched "pursuant to a criminal search warrant, the procedural requirements of Fed. R. Crim. P. 41 do not apply," and "plaintiff's fourth cause of action should be dismissed."  *Id*. at 14.

Defendant cannot have it both ways.  Having expressly argued that the search of Plaintiff's box was not pursuant to a warrant, Koons Johnson should be estopped from

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1    arguing that Plaintiff's claim is outside of *Bivens*' scope because the search here was

2    pursuant to a warrant.

3           For these reasons, Plaintiff's well-pleaded allegations establish that his claim falls

4    within the scope of *Bivens*, and Defendant's Motion should be denied.

5           **2.    *"Special Factors" Do Not Counsel Against a Bivens Remedy.***

6           As discussed, there is no need for the Court to consider Defendant's "special

7    factors" argument because Plaintiff's claim does not arise in a new context.  However,

8    even if the Court were to conclude that Plaintiff's claim arises in a new context, no

9    "special factors" counsel withholding a *Bivens* remedy.

10          **An Adequate Alternative Remedy Is Not Available.**  Defendant argues that the

11   Court should dismiss Plaintiff's *Bivens* claim because "alternative remedies" are

12   available to Plaintiff.  Dkt. 57 at 8.  Not so.

13          In the Ninth Circuit, the availability of alternative remedies can be a "special

14   factor" when determining whether to afford a *Bivens* remedy.  *Lanuza*, 899 F.3d at 1032.

15   Alternative remedies weigh against the application of *Bivens,* however, only when they

16   are "adequate" to protect the constitutional interests at issue, that is, when they provide

17   incentives that deter unconstitutional conduct "while also providing roughly similar

18   compensation to victims of violations."  *See Minneci v. Pollard*, 565 U.S. 118, 130

19   (2012).  As *Bivens* remedy protects a plaintiff's interest in holding to account federal

20   officers who violate their constitutional rights, alternative remedies that protect other

21   interests are inadequate, regardless of the quantity or magnitude of the relief they may

22   afford.  *See Lanuza*, 899 F.3d at 1032.

23          Defendant suggests two potential alternative remedies available to Plaintiff:

24   (1) Rule 41(g); and (2) the Civil Asset Forfeiture Reform Act, (18 U.S.C. section 983

25   (**"CAFRA"**)).  Dkt. 57 at 8-9.  But neither is an adequate alternative remedy here.

26          Defendant's argument that Rule 41(g) is an adequate alternative remedy cannot be

27   meant seriously; Defendants have moved to dismiss Plaintiff's cause of action under

28   Rule 41(g) on the ground that relief under that rule is not available.  Dkt. 56 at 6-9.  As

18

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant expressly recognizes, whether under Rule 41(g) or CAFRA, the only remedy the laws afford Plaintiff is simply the return of his property.  Dkt 57 at 8-9.  But Plaintiff does not merely seek the return of his property; he seeks damages for the violation of his constitutional rights, including punitive damages.  Dkt. 53, Prayer For Relief, ¶¶ B-C. The return of Plaintiff's property, while perhaps relevant to the amount of Plaintiff's damages, would not serve to fully compensate Plaintiff.  Nor would it provide any disincentive to Defendant's unconstitutional conduct.  Money damages for violation of a constitutional right is not identical to a claim for return of property, even where the constitutional claim is premised on the unlawful seizure of that property.  *See Espinoza v. Harris*, Case No. ED CV 13-01124-AB, 2014 WL 12772276, at *3, (C.D. Cal. Nov. 5, 2014) (holding that money damages claim for violation of constitutional rights arising from seizure of currency is not identical to a request for return of the property: "[w]hile perhaps seemingly subtle, this is a distinction <u>with</u> a difference, and Plaintiff's constitutional causes of action are not transformed into a challenge of the forfeiture proceeding simply because Plaintiff alleges economic damages to the tune of $12,000 in lost currency").

**No Other Factors Counsel Against *Bivens* Liability.**  Defendant also once again invokes her rank, but now as a purported special factor counseling against applying *Bivens* to her conduct.  For the reasons discussed above (page 15, *supra*), high rank does not immunize Koons Johnson against *Bivens* liability.  Further, as also discussed, Plaintiff does not seek to hold Koons Johnson responsible for the acts of her subordinates under a theory of respondeat superior; rather, he alleges that Koons Johnson directly participated in, and approved the unconstitutional conduct at issue.  Dtk. 53 at ¶ 21.

Defendant further argues that Plaintiff seeks to hold her responsible for a "particular policy."  Dkt. 57 at 9.  Nonsense.  Plaintiff does not base his *Bivens* claims on a "policy."  His claim is premised on a course of conduct involving the unconstitutional seizure and search of his USPV box and does not challenge any general policies of the FBI or the government.

19

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1    Defendant also argues that Plaintiff's *Bivens* claim would "cause disruptive

2    intrusion" into the Executive Branch.  Dkt. 57 at 10.  Defendant points to the Ninth

3    Circuit's decision in *Lanuza*, 899 F.3d at 1022-23, in which a *Bivens* claim was allowed

4    to proceed against a senior ICE attorney for forging an immigration form that resulted in

5    a deportation.  Plaintiff claims that *Lanuza* was a "simple" case, whereas Plaintiff's claim

6    somehow promises to be complex.  Dkt. 57 at 11.  This supposed complexity, according

7    to Defendant, counsels against extending *Bivens* to her.  *Id*.

8    Contrary to Defendant's unfounded speculation, however, there is nothing

9    complex about Plaintiff's *Bivens* claim, and it certainly presents no more complexity

10   than the facts did in *Bivens* itself, *Lanuza*, or *Groh*.  Because Defendant concedes that the

11   USPV search and seizure warrants provided no probable cause to search Plaintiff's box,

12   the Fourth Amendment question at issue is whether Defendants conducted a proper

13   inventory search of Plaintiff's USPV box.  The determination of that question is no more

14   complicated than whether the agents in *Bivens* had probable cause for their search, the

15   ICE attorney in *Lanuza* forged a form, or the warrant in *Groh* was valid.  Tellingly,

16   Defendant does not cite a single case (and Plaintiff's counsel is unaware of one) where a

17   court has held that the validity of an inventory search presents an issue too complex to be

18   determined under *Bivens*.

19   Finally, Defendant argues with no legal support that Congress's failure to provide

20   a statutory damages remedy for Fourth Amendment violations is "more than

21   inadvertent," and thus counsels against extending *Bivens* liability to Defendant.  Dkt. 57

22   at 12.  But as the Supreme Court has made clear repeatedly, the absence of any explicit

23   declaration by Congress that it intended to provide a cause of action is not a reason to bar

24   a *Bivens* remedy in a case such as this.  *See Bivens*, 403 U.S. at 397; *Davis*, 442 U.S. at

25   246-47; *Carlson*, 446 U.S. at 19.

26   Thus, no special factors counsel against extending *Bivens* to Defendant.

27   **C.**    <u>**Qualified Immunity Does Not Shield Defendant.**</u>

28   Defendant argues that the *Bivens* claim against her should be dismissed on

20

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

498901.2

1  qualified immunity grounds because "(1) Plaintiff has failed to allege that she was

2  personally involved with any of the allegedly unconstitutional conduct and (2) any

3  alleged conduct did not violate clearly established constitutional rights."  Dkt. 57 at 13.

4  Both arguments fail in this case.

5  ### 1.  *The Court Must Evaluate Claims of Qualified Immunity with Particular*

6  *Care on Motion to Dismiss Pursuant to Rule 12(b)(6).*

7  Government officials are not entitled to qualified immunity when their conduct

8  violates "clearly established statutory or constitutional rights of which a reasonable

9  person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In

10  determining whether qualified immunity applies to a particular defendant, a court decides

11  whether (1) the plaintiff has shown a constitutional or statutory right has been violated,

12  and (2) whether the right at issue was "clearly established" at the time of the alleged

13  violation.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The second prong of the analysis

14  must be "undertaken in light of the specific context of the case, not as a broad general

15  proposition."  *Id.*  Thus, "[t]he relevant, dispositive inquiry in determining whether a

16  right is clearly established is whether it would be clear to a reasonable [official] that his

17  conduct was unlawful in the situation he confronted."  *Id.*

18  The court considers "whether 'a reasonable officer would have had fair notice that

19  [the action] was unlawful . . . .'"  *Chappell v. Mandeville*, 706 F.3d 1052, 1056-57 (9th

20  Cir. 2013) (citation omitted).  "The fact that the action in question has not previously

21  been declared unlawful does not require a finding of qualified immunity; even in novel

22  circumstances officials can be on notice that their conduct violates the Constitution."

23  *Am. Humanist Ass'n v. United States*, 63 F. Supp. 3d 1274, 1286 (D. Or. 2014).

24  As the Ninth Circuit has counseled, although qualified immunity issues should be

25  decided early in a case if possible, "[d]etermining claims of qualified immunity at the

26  motion-to-dismiss stage raises special problems for legal decision making."  *Keates v.*

27  *Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018); *see also Wong v. United States*, 373 F.3d

28  952, 957 (9th Cir. 2004) (decision to raise a qualified immunity defense on a motion to

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1   dismiss is "not a wise choice in every case"); *Groten v. California*, 251 F.3d 844, 851

2   (9th Cir. 2001) ("[A] Rule 12(b)(6) dismissal is not appropriate unless we can determine,

3   based on the complaint itself, that qualified immunity applies.").

4       Because of the liberal pleading standards on which a motion to dismiss must be

5   evaluated, a district court must consider "whether the complaint alleges sufficient facts,

6   taken as true, to support the claim that the officials' conduct violated clearly established

7   constitutional rights of which a reasonable [official] would be aware 'in light of the

8   specific context of the case.'" *Keates*, 883 F.3d at 1235 (citation omitted). "If, liberally

9   construed, [a complaint contains] even one allegation of a harmful act that would

10  constitute a violation of a clearly established constitutional right," the plaintiff "is entitled

11  to go forward" with the claim. *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865,

12  872 (9th Cir. 1992).

13      **2.   *Koons Johnson Violated Plaintiff's Fourth Amendment Rights.***

14      Defendant concedes that under the Ninth Circuit's decision in *Starr*,

15  Koons Johnson is not entitled to qualified immunity at the pleading stage if Plaintiff

16  alleged "'a sufficient causal connection between the supervisor's wrong conduct and the

17  constitutional violation.'" Dkt. 57 at 14 (quoting *Starr*, 652 F.3d at 1207).

18      Here, as discussed earlier (pages 15-16, *supra*), Plaintiff has expressly alleged that

19  causal connection.  Specifically, Plaintiff has alleged Koons Johnson's "knowing

20  participation in, and/or approval or ratification of the operational plan . . . to seize and

21  break open all of the USPV boxes, and rifle through their contents." Dkt. 53, ¶ 21.

22      Defendant attacks this allegation as "conclusory" citing *Amon v. Cochise Cnty*,

23  442 F. App'x 286 (9th Cir. 2011).  In that case, however, the Ninth Circuit found that an

24  allegation that defendants had "participated in the planning of" a SWAT raid that

25  resulted in an alleged violation of the plaintiff's Fourth Amendment rights was sufficient

26  to state a claim at the pleading stage.  442 F. App'x at 288 ("The complaint sufficiently

27  alleges that County Defendants played an 'affirmative part in the alleged deprivation of

28  constitutional rights'").  Plaintiff's allegations are at least as specific as the allegations

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

found adequate in *Amon Ra*.

### 3. *Defendant Violated Clearly Established Constitutional Rights.*

**Violation of Plaintiff's Clearly Established Fourth Amendment Rights**.  The SAC describes how, among other things, there was no probable cause to search Plaintiff's USPV box; the Affidavit submitted to the Magistrate Judge in support of the USPV warrants was based on materially false and misleading statements; and Defendants purported "inventory" was, in fact, a pretext for conducting an investigatory search, the true purpose of which was to further Defendants' indiscriminate criminal investigation of USPV box holders.  Dtk. 53, ¶¶ 118-127.  These allegations all identify violations of clearly established Fourth Amendment rights.  *See, e.g., United States v. SDI Future Health, Inc.*, 568 F.3d 684, 702 (9th Cir. 2009) ("Under the Fourth Amendment . . . there [must] be probable cause to seize the particular thing[s] named in the warrant"); *Franks v. Delaware*, 438 U.S. 154, 164-65 (1984) (holding that warrant based on deliberately false or misleading information material to the issue of probable cause is invalid, in whole or in part); *Florida v. Wells*, 495 U.S. 1, 4-5 (1990) ("the opening of containers found during inventory searches is based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence); *United States v. Feldman*, 788 F.2d 544, 553 (9th Cir. 1986) ("An inventory search will not be sustained where the court believed that the officers were searching for incriminating evidence").

Defendant argues that it is not clearly established that the USPV warrant was an "invalid" basis to seize and search the contents of Plaintiff's USPV box because it identifies a "nest of safety deposit boxes" as subject to seizure.  Dkt. 57 at 16.  But this argument ignores the fact that the warrant itself stated that "[t]his warrant does not authorize a criminal search or seizure of the contents of the safety deposit boxes."  Dkt. 53, ¶ 41.  Similarly, Defendant ignores that the Affidavit stated that, "[t]he warrants authorize seizure of the nest of boxes themselves, <u>not</u> their contents."  *Id.*, ¶ 80 (emphasis in original).  Thus, the USPV warrant provided no basis for seizure of Plaintiff's

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

498901.2

1  property.

2          Defendant's defense of the inventory search is also unavailing at the pleading

3  stage.  Dkt. 57 at 17-18.  In fact, the "inventory search" was unlawful because the seizure

4  of the box and its contents was without probable cause in the first instance.  *Whren v.*

5  *United States*, 517 U.S. 806, 11 n. 1 (1996) ("An inventory search is the search of

6  property *lawfully* seized and detained") (emphasis added).  Furthermore, the so-called

7  inventory search was entirely pretextual.  If the government's concern was to prevent

8  losses and accusations of theft, there would have been no reason to forcibly open

9  USPV's locked safe deposit boxes that were otherwise impervious to tampering.  Dkt.

10  53, ¶ 45.

11          **Violation of Plaintiff's Clearly Established Fifth Amendment Rights**.  The

12  FBI's initiation of an administrative forfeiture proceeding against Plaintiff's property was

13  unconstitutional because the government failed to provide plaintiff adequate notice of the

14  factual and legal grounds on which it sought to forfeit Plaintiff's property.  *See Gete v.*

15  *I.N.S.*, 21 F.3d 1285, 1297 (9th Cir. 1997)) holding that procedural due process includes

16  that right to "sufficient notice concerning the factual and legal bases" for deprivation of

17  property rights).

18          Defendant's claim that the government's post-seizure forfeiture proceedings are

19  not "clearly unconstitutional" in violation of Plaintiff's Fifth Amendment right is

20  unpersuasive.  As Defendant concedes, Dkt. 57 at 19, this Court has already held, in

21  *Snitko*, 2021 WL 3139797, that those proceedings failed to provide constitutionally

22  required notice.  Defendant seeks to dismiss this finding as only the decision of a district

23  court that cannot establish the "clearly-established law threshold."  Dkt. 57 at 19.  But

24  this Court did not invent the grounds of its decision.  To the contrary, as the Court's

25  ruling makes plain, its decision was based on well-established precent, *Snitko*, 2021 WL

26  31397808, at *2 (citing *Gete*, 21 F.3d 1285, and *Al Haramain Foundation, Inc. v. U.S.*

27  *Dept. of Treasury*, 686 F.3d 965 (2012)), and, in any event, it hardly states a remarkable

28  or controversial proposition of constitutional law—forfeiture requires timely and fair

24

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1   notice.

2                          **IV.   CONCLUSION.**

3        For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss.

4   If the Court is inclined to grant it, however, Plaintiff requests leave to file an amended

5   complaint.  *See* Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Foundations Health Plan, Inc.*,

6   244 F.3d 708, 712 (9th Cir. 2001).

7                                       Respectfully submitted,

8   DATED:  September 27, 2021          **ISAACS | FRIEDBERG LLP**

9

10

11

12                                      _____
                                        Jeffrey B. Isaacs, Esq.
13                                      William A. Wargo, Esq.

14                                      *Attorneys for Plaintiff Louis Loe*

**PLAINTIFF'S OPPOSITION TO DEFENDANT KRISTI KOONS JOHNSON'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

498901.2