TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
          Victor.Rodgers@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, and
TRACY L. WILKISON and KRISTI KOONS JOHNSON
IN THEIR OFFICIAL CAPACITY ONLY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOUIS LOE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | Case No. 2:21-CV-03348-RGK-MAR<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND DECLARATION OF VICTOR A. RODGERS**<br><br>Date:      October 18, 2021<br>Time:     9:00 a.m.<br>Courtroom: 850, the Honorable<br>               R. Gary Klausner |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants United States of America, and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, the "government") respectfully submit this memorandum of points and authorities in reply to the opposition to their motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss plaintiff Louis Loe's second amended complaint (the "SAC") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The claims against the government are the first cause of action for return of property, third cause of action for declaratory relief and fourth cause of action for order requiring disclosure of inventory.

Plaintiff's opposition does not avoid the fact that subject matter (i.e., equitable) jurisdiction does not lie over plaintiff's first cause of action for return of property under Fed. R. Crim. P. 41(g) ("Rule 41(g)"). The government has filed a forfeiture complaint against the property plaintiff seeks to have returned, which shows that plaintiff has an adequate legal remedy because plaintiff can seek the return of the property in the forfeiture proceeding. In addition, plaintiff's argument that a decision on the government's motion should be deferred because plaintiff has not yet filed a separate motion for return of property, as occurred in another case, ignores that fact that all the relevant facts (namely, that the government has filed a forfeiture complaint) are known here, unlike in the other case upon which plaintiff relies.

Plaintiff's contention, even if true, that plaintiff's first cause of action is also premised upon 28 U.S.C. § 1331 in addition to Rule 41(g) similarly fails because 28 U.S.C. § 1331 merely creates subject matter jurisdiction, but does not mean plaintiff can maintain plaintiff's claim. Sovereign immunity bars plaintiff's claim for return of property against the government, and therefore subject matter jurisdiction does not lie under 28 U.S.C. § 1331. In addition, plaintiff's assertion that the first cause of action may be based on the Court's inherent authority lacks any support in caselaw.

/ / /

1

Moreover, plaintiff's first and third causes of action are barred because plaintiff cannot satisfy Article III's case or controversy requirement, in that irreparable injury is lacking. In addition, plaintiff's third cause of action for declaratory relief is properly dismissed for two additional reasons. First, the remedy plaintiff seeks - - a declaration that the government violated plaintiff's fourth and fifth amendment rights in seizing plaintiff's property - - can be obtained in the judicial forfeiture action. Second, plaintiff seeks a remedy, which is not a separate cause of action, and therefore plaintiff has not stated a claim upon which relief can be granted. Finally, the motion to dismiss should be granted as to plaintiff's fourth cause of action, because plaintiff's opposition advises that plaintiff does not oppose dismissal of that claim. Oppo. at 9:5-7.

## ARGUMENT

### A. Plaintiff's Causes Of Action For Which Subject Matter Jurisdiction Is Based Upon Equitable Jurisdiction Should Be Dismissed.

#### 1. Because A Judicial Forfeiture Action Has Been Filed, Plaintiff Has An Adequate Remedy At Law To Seek Return Of Plaintiff's Property In That Proceeding And There Is No Need To Defer Resolution On The Motion Until Plantiff Files A Separate Motion For Return Of Property.

Plaintiff's arguments do not avoid the fact that dismissal of plaintiff's first cause of action for lack of subject matter jurisdiction is warranted.[1] The government's

---

[1] Plaintiff's argument that the SAC's allegations are taken as true on the motion to dismiss for lack of subject matter jurisdiction (oppo. at 15-7-9) is incorrect because the government has made a factual (and not a facial) attack on jurisdiction. As both plaintiff and the government's cases recognize, the complaint's allegations are taken as true only on facial subject matter jurisdiction attacks. Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005) (complaint's allegations are taken as true only when the movant "asserts that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law (to be distinguished from a claim that the allegations on which jurisdiction depends are not true as a matter of fact)"; moving papers at 4:18-20, citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, a factual attack is made "[n]o presumptive truthfulness attaches to plaintiff's [complaint's] allegations" [Thornhill Pub. v. General Tel. and Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes and citation omitted)], "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" [Safe Air for Everyone, 373 F.3d at 1039 (citation

*(footnote cont'd on next page)*

1  September 7, 2021 moving papers noted (i) the FBI initiated administrative forfeiture
2  proceedings on May 20, 2021 as to the $250,000.00 in genuine currency within
3  plaintiff's box number 2300 by sending a notice to plaintiff;[2] and (ii) September 15,
4  2021 was the 90-day deadline under 18 U.S.C. § 983(a)(3)(A) and (B) for the United
5  States to file a judicial civil forfeiture complaint against the funds because plaintiff filed
6  an administrative claim with the FBI on June 16, 2021.  Moving papers at 3:16-23.  The
7  government filed a judicial forfeiture action against plaintiff's property on September 8,
8  2021, plaintiff has acknowledged that the action is against plaintiff's property, the
9  judicial forfeiture action has been deemed related to the instant case, and the judicial
10 forfeiture complaint has been served.  See <u>United States of America v. $250,000.00 in</u>
11 <u>U.S. Currency</u>, Case No. 2:21-cv-07188-RGK(MARx), docket nos. 1 and 8; oppo. at
12 7:10-11 and 9:5-6 ("the government's forfeiture action demonstrates that the government
13 description of Plaintiff's property is accurate"); Rodgers Decl. ¶ 2.  In light of the
14 complaint filing, plaintiff has an adequate remedy at law to seek return of plaintiff's
15 property in the judicial forfeiture proceeding and, accordingly, the need to exercise
16 equitable jurisdiction over plaintiff's Rule 41(g) cause of action no longer exists.

17      In response, plaintiff argues the government cannot rely upon the administrative
18 forfeiture proceedings to show that an adequate remedy at law exists because those
19 proceedings terminated on the September 15, 2021 complaint filing deadline.  However,
20 the cases the government cited hold that a Rule 41(g) claim should be dismissed once a
21 judicial forfeiture action has been filed because a Rule 41(g) movant can seek return of
22 the property in the judicial forfeiture proceeding and therefore has an adequate remedy at

---

24 omitted)], and courts may weigh the extrinsic evidence in determining whether the facts show that a plaintiff has discharged plaintiff's burden of demonstrating that subject matter jurisdiction exists [<u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1177-78 (9th Cir. 1987)]; moving papers at 4:21-5:2.

26      [2] The government's moving papers also noted that $250,100.00 in U.S. Currency was the figure contained in the notice, but the FBI later determined that the figure included one $100.00 counterfeit bill, making the amount seized $250,000.00 in genuine currency.  Moving papers at 3:27-28.

1  law.³  Further, the government previously cited Fed. R. Civ. P. 12(h)(3) (moving papers
2  at 4:16), which provides "[i]f the court determines at any time that it lacks subject-matter
3  jurisdiction, the court must dismiss the action."  (Emphasis added).

4       Plaintiff also argues motions to dismiss Rule 41(g) claims must be denied as a
5  matter of law when a court has not yet ruled upon a separate motion for return of
6  property.  More specifically, plaintiff contends that a decision on a motion to dismiss a
7  Rule 41(g) claim must be deferred until some indefinite date in the future when plaintiff
8  gets around to filing a motion for return of property.  In making this argument, plaintiff
9  relies upon the Court's decision in Coe v. United States of America, Case No. 2:21-cv-
10 03019-RGK-MAR (the "Coe case") with respect to the government's motion to dismiss
11 Coe's Rule 41(g) claim.  Oppo. at 7:16-8:4 and 16:8-21.  Plaintiff's argument is wrong.
12 When the Court decided the motion to dismiss in Coe on July 23, 2021, the briefing had
13 already been completed on Coe's motion for return of property, Coe's motion for return
14 of property was pending, and the Court's motion to dismiss order noted that the
15 equitable jurisdiction issue had been more fully briefed in the return motion, meaning all
16 that was left was for the Court to decide Coe's return motion.  See Docket No. 49, July
17 23, 2021 order regarding the government's motion to dismiss in the Coe case at page 4;
18 Docket Nos. 25 (Coe's May 5, 2021 return motion moving papers) 45 (government's
19 July 2, 2021 opposition) and 46 (Coe's July 2, 2021 reply).  By contrast, plaintiff in the
20 instant case has not filed a motion for return of property, and the deferral of a decision
21 on the motion to dismiss plaintiff's Rule 41(g) cause of action until some indefinite time
22 in the future while plaintiff decides whether to file such a motion is unwarranted.

23      Most significantly, unlike in the present case, when the motion to dismiss was
24 decided in the Coe case, the relevant facts were unknown.  The parties had not yet set

---

³ See moving papers at 7:13-8:2, citing the following three cases where courts dismissed Rule 41(g) motions because a complaint had been filed: United States v. U.S. Currency $83,310.78, 851 F.2d 1231 (9th Cir. 1988); In Re Return Of Seized Prop. (Jordan), 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009); and In Re The Return Of Seized Property, Specifically All Funds Seized From BoundlessRise, LLC, 2017 WL 4180149 (C.D. Cal. Aug. 30, 2017).

4

1  forth whether the property Coe sought for return was subject to a pending administrative
2  forfeiture proceeding and, if so, what the deadline was to file a forfeiture complaint
3  against Coe's property, nor had the parties advised the Court whether the government
4  had filed a judicial forfeiture proceeding against Coe's property.  Accordingly, the Court
5  ordered the parties to file a joint status report setting forth this information.  See Docket
6  No. 51, August 16, 2021 order re plaintiff's motion for return of property in the Coe case
7  at page 3.  Once the status report was filed, which showed the government was faced
8  with a September 13, 2021 deadline to either file a forfeiture complaint or else release
9  the property, the Court concluded that equitable jurisdiction did not lie over Coe's Rule
10 41(g) claim and dismissed that claim.  See docket No. 54, September 1, 2021 order re
11 plaintiff's motion for return of property in the Coe case at pages 2-4.

12     Here, by contrast, the relevant information is already available in order to resolve
13 the government's motion to dismiss, namely that a judicial civil forfeiture action was
14 filed against plaintiff's property on September 8, 2021.  In light of the filing of the
15 judicial forfeiture action, there is no need for plaintiff to file a separate motion for return
16 of property for the Court to resolve the motion to dismiss because plaintiff has an
17 adequate remedy at law as a result of the complaint filing.  Accordingly, the government
18 respectfully requests that its motion to dismiss plaintiff's first cause of action be granted.

19     **2.   Plaintiff's Argument That 28 U.S.C. § 1331 And The Court's Inherent**
20     **Authority Create Subject Matter Jurisdiction Is Unavailing.**

21     Plaintiff argues that the first cause of action for return of property should not be
22 dismissed because plaintiff now contends that subject matter jurisdiction is not only
23 based on equitable jurisdiction under Rule 41(g), but is also based on 28 U.S.C. § 1331.
24 Plaintiff's initial and first amended complaints' first cause of action were titled "Return
25 Of Property Pursuant To Federal Rule Of Criminal Procedure 41(g)," yet in the SAC - -
26 plaintiff's third try at asserting this cause of action - - plaintiff has removed the reference
27 to Rule 41(g) from the title of the cause of action.  Compare docket no. 53 (SAC at
28 37:23-25) to docket nos. 1 (original complaint at 21:22-24) and 30 (first amended

5

1   complaint at 33:2-4).[4]  Notwithstanding this deletion, plaintiff's first cause of action still
2   relies on Rule 41(g), alleging that plaintiff is a person aggrieved within the meaning of
3   Rule 41(g) (SAC ¶¶ 129 and 131), and seeking return of the property pursuant to Rule
4   41(g) (SAC ¶ 132).  Accordingly, plaintiff's assertion that subject matter jurisdiction for
5   this cause of action is also based on 28 U.S.C. § 1331 would not appear to be correct.

6          Regardless, even if the SAC alleged in the first cause of action that subject matter
7   jurisdiction was based upon 28 U.S.C. § 1331, that statute would be of no aid to plaintiff
8   in establishing subject matter jurisdiction.  Because the United States and defendants
9   Tracy L. Wilkison and Kristi Koons Johnson in their official capacity (i.e., "the
10  government" as defined in this brief) cannot be sued due to sovereign immunity, subject
11  matter jurisdiction does not lie under 28 U.S.C. § 1331.  Even if that statute creates
12  subject matter jurisdiction, 28 U.S.C. § 1331 does not avoid sovereign immunity.  See,
13  e.g., United States v. Park Place Associates, Ltd., 563 F.3d 907, 924 (9th Cir. 2009) ("[a]
14  statute may create subject matter jurisdiction yet not waive sovereign immunity.  For
15  example, 28 U.S.C. § 1331 grants district courts original jurisdiction over all civil
16  actions arising under the Constitution, laws or treaties of the United States, but it does
17  not waive sovereign immunity . . . [section 1331] cannot be construed as authorizing
18  suits of this character against the United States, else the exemption of sovereign
19  immunity would become meaningless") (internal quotation marks and citations omitted);
20  Kester v. Campbell, 652 F.2d 13, 15 (9th Cir. 1981) (28 U.S.C. § 1331 "neither waives
21  the federal government's sovereign immunity to suit nor indicates the appropriate forum
22  for adjudication of the controversy"); Chapin v. U.S. Internal Revenue Service., 276 Fed.
23  Appx. 638 (9th Cir. 2008) ("[c]ontrary to [plaintiff's] contentions, 28 U.S.C. § 1331
24  cannot by itself be construed as constituting a waiver of the government's defense of

---

[4] The parties stipulated to allow plaintiff to file the SAC, after plaintiff filed a first amended complaint that mooted the government's motion to dismiss the first amended complaint.  Docket no. 31.  However, the purpose of the stipulation was to allow an amendment to take into account information set forth in the recently unsealed search warrant affidavit pertaining to the search conducted at US Private Vaults.  Docket no. 51 at 2:3-16.  The deletion of "Rule 41(g)" to the title of the first cause of action has nothing to do with the search warrant affidavit.

sovereign immunity") (citation and internal quotation marks omitted).[5]

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks and citation omitted). Thus, "[i]n an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity." Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991). That waiver "cannot be implied, but must be unequivocally expressed in statutory text." Jachetta, 653 F.3d at 903 (internal quotation marks and citation omitted). In addition, "[a] party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987).

Plaintiff offers nothing to show any waiver of sovereign immunity here, separate and apart from equitable jurisdiction based on Rule 41(g). The mere fact that plaintiff's cause of action may also base subject matter jurisdiction on 28 U.S.C. § 1331 is unavailing absent a showing of some other basis to establish subject matter jurisdiction.

Similarly unavailing is plaintiff's mistaken assertion that the Court ruled that plaintiff Coe's Rule 41(g) claim survived because the Court had independent federal question jurisdiction under 28 U.S.C. § 1331. Oppo. at 14:12-27. The Court's statement related to Coe's separate second cause of action for "unlawful search and seizure in violation of the fourth and fifth amendments" and not plaintiff Coe's first cause of action for "return of property (Fed. R. Crim. P. 41(g))". Moreover, neither party briefed the issue regarding 28 U.S.C. § 1331 in their motion to dismiss briefs, as to either of plaintiff

---

[5] Accord, Kerr v. U.S. Internal Revenue Service, 229 F.3d 1157 (9th Cir. 2000) ("[t]he district court also correctly determined that 28 U.S.C. § 1331, 1340, and 1343, statutes conferring general jurisdiction, do not constitute a waiver of sovereign immunity") (citation omitted); Napier v. United States, 2017 WL 2619127, *1 (D. Ariz. Jun. 16, 2017) ("[e]ven when statutory authority, such as 28 U.S.C. § 1331, purports to vest a district court with jurisdiction over a case, it would not necessarily waive the United States' sovereign immunity from suit. A waiver of sovereign immunity means the United States is amenable to suit in a court properly possessing jurisdiction; it does not guarantee a forum . . . In short, the Court lacks subject matter jurisdiction over a suit against the United States without a waiver of sovereign immunity") (citations and internal quotation marks omitted).

1  Coe's two causes of action.  See docket nos. 33, 37 and 38 in the Coe case.  Most
2  significantly, the Court ultimately decided that equitable jurisdiction did not lie relative
3  to plaintiff Coe's Rule 41(g) cause of action.  See docket no. 54 in the Coe case.

Plaintiff's reliance on Espinoza v. Harris, 2014 WL 12772276 (C.D. Cal. Nov. 5, 2014) is likewise misplaced, as that case held that where a plaintiff asserts a cause of action for constitutional violations (and plaintiff there also asserted claims for trespass and conversion) that seeks monetary damages as a result of those violations, and does not (unlike the situation here) seek the return of property the government has forfeited or seeks to forfeit, a cause of action under 42 U.S.C. § 1983 for the constitutional violations can be maintained notwithstanding the statutes and laws governing forfeiture.[6]  Espinoza is therefore distinguishable for two reasons: plaintiff here seeks the return of property subject to forfeiture proceedings, and plaintiff does not seek monetary damages.

Finally, plaintiff cites no authority to support plaintiff's contention that the Court's inherent authority provides subject matter jurisdiction.  Moreover, the government already distinguished the 1995 out-of-district district court case plaintiff cites in the SAC to support plaintiff's argument (see moving papers at 8:24-28 and 9:22-23), and plaintiff does not address the government's argument.  Accordingly, plaintiff's reliance on the inherent authority argument does not show that subject matter jurisdiction lies here.

**B.     Plaintiff Still Has Not Satisfied Article III's Case Or Controversy Requirement With Respect To Plaintiff's First And Third Causes Of Action.**

The government's moving papers argued that plaintiff's third cause of action for declaratory relief and first cause of action for return of property did not satisfy Article III's case or controversy requirement because, among other things, plaintiff could not suffer irreparable injury in light of the fact that the government could not conclude a

---

[6] Id. at *3 ("Plaintiff seeks damages for purported violations of her constitutional rights with respect to the issuance and execution of the Search Warrant, wholly apart from the validity of the forfeiture proceeding"); accord, id. at *3 ("[p]laintiff here does not seek return of her property, i.e., the $11,500 seized from her home on September 3, 2011.  Instead, Plaintiff seeks money damages for purported violations of her constitutional rights in the issuance and execution of the Search Warrant").

1 | forfeiture of plaintiff's property without filing a civil forfeiture complaint which set forth
2 | the factual and legal bases for the forfeiture and pursuing that judicial forfeiture action to
3 | conclusion.  Moving papers at 9:6-8 and 9:12-20.  In response, plaintiff addresses the
4 | ripeness issue (i.e., the government had not yet actually filed a judicial forfeiture action),
5 | but ignores the lack of any irreparable injury, in light of the fact that the government
6 | must win the forfeiture case in order to forfeit plaintiff's property.  Accordingly, for this
7 | reason as well, plaintiff's causes of action against the government should be dismissed.

### C. Plaintiff Has Not Refuted The Fact That Plaintiff's Third Cause Of Action For Declaratory Relief Should Be Dismissed For The Additional Reason That Plaintiff's Constitutional Claims Can Be Raised In The Forfeiture Action.

The government's moving papers noted that plaintiff's cause of action for declaratory relief, in which plaintiff seeks a declaration that plaintiff's Fourth and Fifth Amendment rights were violated, can be asserted in the judicial forfeiture action, meaning that plaintiff's declaratory relief cause of action would be duplicative of issues raised in the judicial action.  Thus, the declaratory relief claim should be dismissed, even if subject matter jurisdiction could be established.  Moving papers at 15:1-28.  In addition, the government noted that the fourth and fifth amendment issue could be raised by a suppression motion or as an affirmative defense in an answer to the forfeiture complaint.  Id.  In response, plaintiff argues (without authority) that the court in the forfeiture case could not issue a declaration that plaintiff's fourth and fifth amendment's rights have been violated but could only return the property to plaintiff or hear a suppression motion without issuing the declaration plaintiff seeks.  But this is not true.

First, if plaintiff prevailed on a suppression motion in the forfeiture case, the court would necessarily have to issue an order (meaning a declaration) that plaintiff's fourth and/or fifth amendment rights were violated.  Second, plaintiff could raise the constitutional violations as affirmative defenses and seek summary judgment on that issue, which would be exactly the same as the declaratory relief plaintiff seeks.  Fed. R. Civ. P. 56(a) ("[a] party may move for summary judgment, identifying each claim or

defense-or the part of each claim or defense-on which summary judgment is sought"); Boston Scientific Corp. v. Cordis, 422 F. Supp. 2d 1102, 1106 (N.D. Cal. 2006) ("inherent in Rule 56 is authority of the District Court to grant partial summary judgment, i.e., on a particular claim or a particular affirmative defense, even if doing so would leave other triable issues").  Third, it makes little sense to have two courts decide the same issue, with the concomitant danger of inconsistent rulings by those two tribunals.  Accordingly, dismissal of plaintiff's third cause of action is appropriate, even if subject matter jurisdiction exists.

### D. Plaintiff's Third Cause Of Action For Declaratory Relief Fails To State A Claim Upon Which Relief Can Be Granted For The Additional Reason That It Seeks A Remedy And Is Not An Independent Claim For Relief.

The government's moving papers noted that plaintiff's third cause of action seeks a remedy, namely declaratory relief, and is not a stand-alone cause of action.  Moving papers at 12:15-13:12.  Plaintiff again relies on the Court's decision on the government's motion to dismiss in the Coe case, but that decision is distinguishable because neither party addressed the issues involving Coe's non-Rule 41(g) claim.  In addition, Coe's non-Rule 41(g) claim, which was Coe's second cause of action for "unlawful search and seizure in violation of fourth amendment rights-declaratory and injunctive relief against all defendants" contained 18 separate paragraphs (docket no. 1 in Coe [complaint ¶¶ 27-44]) while plaintiff in the instant case's cause of action is specifically titled as being for "declaratory relief" and contains only 4 paragraphs (SAC ¶¶ 141-144).  Accordingly, and despite plaintiff's contention otherwise, plaintiff's claim is not for unlawful search and seizure but instead is for a remedy, namely declaratory relief.  Therefore, plaintiff's third cause of action should be dismissed, for this reason as well.

## CONCLUSION

For the reasons above, the government respectfully renews its request that its motion to dismiss be granted, as to the first, third and fourth causes of action, which are the only claims asserted against "the government" as that term is defined herein.

Dated: October 4, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

           /s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA and TRACY L. WILKISON and KRISTI KOONS JOHNSON IN THEIR OFFICIAL CAPACITY ONLY